**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO:**

PATTI LAUGHLIN, on behalf of
herself and all others similarly situated,

      Plaintiff(s),

      v.

FRESH-MEX & CO. CORP. d/b/a
FRESH-MEX & CO. – TEX-MEX
CANTINA, MICHAEL TOUSSAINT,
individually, and AMANDA
TOUSSAINT, individually,

      Defendants.
_____/

**CLASS/COLLECTIVE ACTION COMPLAINT FOR DAMAGES**
**AND DEMAND FOR JURY TRIAL**

    Plaintiff, PATTI LAUGHLIN ("Plaintiff"), on behalf of herself and all others similarly situated, and pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, Fla. Stat. 448.440, and Art. X, Sec. 24 of the Florida Constitution, files this Class/Collective Action Complaint for Damages and Demand for Jury Trial against Defendants, FRESH-MEX & CO. CORP. d/b/a FRESH-MEX & CO. – TEX-MEX CANTINA ("FRESH-MEX"), MICHAEL TOUSSAINT ("MICHAEL") and AMANDA TOUSSAINT ("AMANDA") (collectively referred to as "Defendants"), for failure to pay restaurant workers state and federal minimum wages and overtime wages during the relevant time period, as follows:

**INTRODUCTION**

    1.    Plaintiff brings this class and collective action under the Fair Labor Standards Act ("FLSA") and Florida Minimum Wage Act ("FMWA") on behalf of herself and all restaurant

workers paid at reduced hourly wages who work or have worked at the Fresh-Mex restaurants in Jacksonville, Florida during the applicable statute of limitations. Defendants committed state and federal minimum wage violations because they compensate front-of-the-house restaurant workers at the reduced "tip credit" wage notwithstanding that these workers were not provided the sufficient state and federally mandated notice of the tip credit requirements. Defendants also violated the minimum wage requirements under Florida and federal law because they permitted employees who do not traditionally receive tips, including but not limited to supervisors, managers, owners, employers, and/or other non-customarily tipped employees, to receive tips from a tip pool.  Defendants have also failed to properly compensate Plaintiff and similarly situated workers in accordance with the federal overtime laws when workers work in excess of 40 hours per week. More specifically, Defendants fail to calculate *all employees'* entitlement to overtime compensation on a weekly basis, and instead only provide overtime compensation when employees work in excess of eighty hours over a two-week period. Moreover, Defendants fail to properly calculate the overtime premiums owed to front-of-the-house employees. Because Defendants failed to provide reduced wage employees with sufficient notice of the tip credit under state and federal law, the Defendants are not permitted to rely on the tip credit toward payment of overtime wages. As a result, Plaintiff, and similarly situated restaurant workers have been denied applicable wages in one or more workweeks during the relevant time period.

## PARTIES

2.      During all times material hereto, Plaintiff was a resident of Jacksonville, Florida, over the age of 18 years, and otherwise *sui juris.*

3.      Plaintiff and the **FMWA putative class members** are/were restaurant workers paid at reduced hourly wages who worked for Defendants within the last five (5) years in Jacksonville, Florida.

4.      Plaintiff and the **FLSA putative collective members** are/were restaurant workers paid at reduced hourly wages and/or improper overtime wages who worked for Defendants within the last three (3) years in Jacksonville, Florida.

5.      Plaintiff worked for Defendants as a restaurant worker paid at a reduced hourly wage from in or around January 27, 2022, until on or about the present day.

6.      The proposed class and collective members worked for Defendants in the same capacity as Plaintiff in that they were restaurant workers for Defendants at their Tex-Mex Restaurants, which is known as "Fresh-Mex & Co." and are located in Jacksonville, Florida.

7.      Plaintiff also seeks certification of two (2) separate classes under Fed. R. Civ. P. 23 and the FMWA and Florida Constitution for violations of the Florida Minimum Wage Act, as follows:

> **Tip Credit Notice Class: All restaurant workers paid at reduced hourly wages who worked for Defendants at any location in Jacksonville, Florida during the three (3) years preceding this lawsuit who failed to receive the sufficient state and federally mandated notice of tip credit requirements.**
>
> **Tip Share Class: All restaurant workers paid at reduced hourly wages who worked for Defendants at any location in Jacksonville, Florida during the three (3) years preceding this lawsuit whose tips were shared with supervisors, owners, managers, and/or other back-of-the-house non-customarily tipped employees.**

8.      Plaintiff seeks certification of four (4) separate collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

**Tip Credit Notice Collective: All restaurant workers paid at reduced hourly wages who worked for Defendants at any location in Jacksonville, Florida during the three (3) years preceding this lawsuit who failed to receive the sufficient state and federally mandated notice of tip credit requirements.**

**Tip Share Collective: All restaurant workers paid at reduced hourly wages who worked for Defendants at any location in Jacksonville, Florida during the three (3) years preceding this lawsuit whose tips were shared with supervisors, owners, managers, and/or other back-of-the-house non-customarily tipped employees.**

**Company-Wide Overtime Collective: All hourly restaurant workers who worked for Defendants at any location in Jacksonville, Florida, during the three (3) years preceding this lawsuit who worked more than forty (40) hours in any workweek and were not properly compensated overtime wages.**

**Front-of-House Overtime Collective: All restaurant workers paid at reduced hourly wages who worked for Defendants at any location in Jacksonville, Florida during the three (3) years preceding this lawsuit who worked more than forty (40) hours in any workweek and were not properly compensated overtime wages.**

9.     The precise size and identity of each class and collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of class members in each class above exceeds 50 restaurant workers.

10.     During all times material hereto, Defendant, FRESH-MEX, was a Florida For-Profit Corporation operating and transacting business within Duval County, Florida, within the jurisdiction of this Honorable Court.

11.     Defendant, MICHAEL, is a resident of Duval County, Florida, and is subject to the jurisdiction of this Honorable Court.

12.     Defendant, AMANDA, is a resident of Duval County, Florida, and is subject to the jurisdiction of this Honorable Court.

13.     Defendants own, operate and control two (2) Fresh-Mex & Co. – Tex Mex Cantina Restaurants located at 7111 Bentley Rd, Jacksonville, Florida and 10281 Mid Town Pkwy, Jacksonville, Florida, 32246. Both of these locations operate and pay their employees under the same corporate name.

14.     Defendants were Plaintiff's "employer," as defined by the FLSA and FMWA, during all times pertinent to the allegations herein.

15.     During all times material hereto, Defendants were vested with the ultimate control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the Fresh-Mex & Co. – Tex Mex Cantina Restaurants located at 7111 Bentley Rd, Jacksonville, Florida and 10281 Mid Town Pkwy, Jacksonville FL, 32246.

16.     Defendants implement uniform pay, tip, and time keeping practices at the Fresh-Mex & Co. – Tex Mex Cantina Restaurants as they apply to all restaurant workers.

17.     Plaintiff and putative collective and class members are/were non-exempt, hourly restaurant workers.

## JURISDICTION AND VENUE

18.      This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the Florida Minimum Wage Act ("FMWA") and Article X Section 24 of the Florida Constitution to recover damages from Defendants, injunctive relief, and reasonable attorney's fees and costs.

19.     This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

20.     The acts and/or omissions giving rise to this dispute took place within Duval County, Florida, which falls within the jurisdiction of this Honorable Court.

21.     Defendants regularly transact business in Duval County, Florida, and jurisdiction is therefore proper.

22.     Venue is also proper within Duval County, Florida.

23.     Plaintiff fulfilled all conditions precedent required to bring her class action claims under the FMWA.

24.     More specifically, on June 6, 2022, through her counsel, Plaintiff served Defendants with a written pre-suit demand and notice regarding her FMWA claims, requesting that Defendants pay her and the putative FMWA classes the minimum wages owed to them. Defendants failed to pay Plaintiff or the FMWA classes any wages whatsoever within the statutory notice period. This lawsuit followed.

## FLSA COVERAGE

25.     Defendant, FRESH-MEX, is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendants had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

26.     During all time periods pertinent hereto, Defendant, FRESH-MEX's employees regularly handled goods such as food, beverages, napkins, silverware, appliances, rice, beer, tequila, meat, chicken, pork, fish, cheese, beans, lettuce, tomatoes, peppers, onions, sour cream, cilantro, tortillas, mahi mahi, shrimp, beef, steak, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples,

toothpicks, flour, sugar, coffee, tea, soda, water bottles, and other materials that had previously travelled through interstate commerce.

27.     Defendant, FRESH-MEX, had an annual gross revenue in excess of $500,000.00 in 2017, 2018, 2019, 2020, 2021 and is expected to gross in excess of $500,000.00 in 2022.

## GENERAL ALLEGATIONS

28.     During all times material hereto, Defendants, MICHAEL and AMANDA were the owners, operators, and corporate officers of Fresh-Mex & Co. – Tex-Mex Cantina.

29.     Plaintiff worked for Defendants as a front-of-house restaurant worker during her employment period.

30.     During Plaintiff's employment period, Defendants did not keep and maintain accurate time records for workers.

## DEFENDANTS ATTEMPTED TO TAKE A TIP CREDIT TOWARD APPLICABLE MINIMUM WAGES UNDER FLORIDA AND FEDERAL LAW BUT FAILED TO PROVIDE PLAINTIFF AND SIMILARLY SITUATED WOKERS THE SUFFICENT STATE AND FEDERALLY MANDATED NOTICE OF TIP CREDIT REQUIREMENTS

31.     An employer is not eligible to take a tip credit and/or retain a tip credit for each hour that an employee works, pursuant to § 203(m) of the FLSA, unless it provides either oral or written notice to the employee of the provisions of § 203(m). *See* 29 C.F.R. § 531.59.

32.     If an employer fails to provide an employee with full adequate notice or information regarding the provisions § 203(m), but nonetheless retains a tip credit against that employee's (reduced) hourly wage, the employee is entitled to the applicable and full minimum wage for all hours worked up to forty (40) hours. *See id; Graham v. Famous Dave's of America, Inc.*, No. 19-0486, 2020 WL 5653231 (D. Md. Sept. 23, 2020).

33.     The requisite notice or provision of information to an employee under C.F.R. § 531.59 must include the following details:

"[t]he amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer. . . that all tips received by the tipped employee must be retained by the employee except for a tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of the requirements in this section."

34.     Defendants failed to provide Plaintiff and all other similarly situated workers with statutory notice of taking a tip credit, thereby violating federal and state law.

35.     At the inception of Plaintiff's employment Defendants compensated Plaintiff $16.00 per hour for the first seven (7) hours of her employment.

36.     Following the first week of Plaintiff's employment, and without any notice to Plaintiff, the Defendants only compensated Plaintiff at the applicable reduced tip credit wage ($6.98) for all hours worked for the Defendants, and therefore retained a tip credit in the amount of $3.02 for each hour that Plaintiff worked (up to forty hours).

37.     Defendants did not inform Plaintiff, or other similarly situated workers, that they would be compensated at a reduced hourly wage, nor did it inform Plaintiff, and other similar situated workers, that it would be retaining a tip credit against their (reduced) hourly wage, or of any other pertinent provisions of § 203(m) of the FLSA.

38.     All such information, which an employee who is paid at the reduced/tipped hourly wage is entitled to under C.F.R. § 531.59, was withheld from Plaintiff and other similarly situated workers.

39.     In fact, at the outset of Plaintiff's employment and throughout the hiring process, the Defendants repeatedly misstated and thus led Plaintiff to believe that she would be compensated at or above the full Florida minimum wage ($10.00).

40.     Ms. Laughlin herself discovered the discrepancy, which is apparent from paychecks issued by the Defendants.

41.     The provision of false and misleading information to Plaintiff, and other similarly situated workers, regarding her compensation is a far cry from the requisite notice and provision of information outlined by the Department of Labor in C.F.R. § 531.59, the standards of which the Defendants blatantly failed to meet.

42.     Therefore, pursuant to state and federal law, the Defendants were not permitted to take a tip credit in the amount of $3.02—or any amount for that matter—because it failed to sufficiently notify Plaintiff, and other similarly situated workers, that it was retaining a tip credit to supplement her (reduced) hourly wage, and moreover, purposefully relayed to Plaintiff false information to the contrary.

43.     Plaintiff and all other similarly situated workers are therefore owed the applicable and full minimum wage for all hours that they worked for the Restaurant up to forty (40) hours.

44.     Thus, Plaintiff is entitled to recover the applicable Florida minimum wage rate of 2022, ($10.00), or the Florida tip credit, ($3.02), for each hour that she worked for Defendants up to the first forty (40) hours in a workweek.

## DEFENDANTS REQUIRE PLAINTIFF AND SIMILARLY SITUATED WORKERS TO SHARE TIPS WITH NON-TIPPED EMPLOYEES

45.     During training, Defendants instructed Plaintiff to share her tips with supervisors, managers, owners, and/or other non-customarily tipped employees at the restaurants.

46.     At the end of each shift, Defendants took the tips earned by Plaintiff, and other similarly situated reduced wage employees, and distributed them to non-customarily tipped employees including supervisors, managers, owners, and/or other non-customarily tipped back-of-the-house employees at the restaurants.

47.     After this inequitable and unlawful distribution of tips, Defendants pilfered a portion of these tips for the Fresh-Mex owners to keep.

48.     Supervisors, managers, owners, and/or other non-customarily tipped employees are not traditionally tipped restaurant employees under the FLSA and FMWA and are forbidden from participating in tip pools.

## CLASS ALLEGATIONS

49.     Plaintiff and the putative class members under the FMWA, were all were denied state and/or federal minimum wages when they failed to receive the sufficient state and federally mandated notice of tip credit requirements.

50.     Class members are treated equally and similarly in the Jacksonville, FL restaurants that are owned and operated by Defendants, in that they were subject to the same tip disgorgement policy, which permitted supervisors, managers, owners, and/or other non-customarily tipped employees to pilfer restaurant workers' hard-earned tips during the course of the previous five (5) years.

51.     Defendants employed at least in excess of forty (40) front-of-the-house workers in Jacksonville, FL who were paid a reduced hourly wage and required to work without receiving the sufficient state and federally mandated notice of tip credit requirements.

52.     At all times material hereto, Defendants had express or constructive knowledge of the work performed by Plaintiff and other similarly situated employees.

53.     Moreover, at all times material hereto, Defendants had express or constructive knowledge of the time Plaintiff and other similarly situated employees worked but failed to keep and maintain accurate time records, thereby violating state and federal law.

54.     Plaintiff and the class members performed the same job duties for Defendants in Jacksonville, Florida as front-of-house restaurant workers, and were required to work without proper pay, and were otherwise paid in an identical manner by Defendants based on Defendants' failure to provide the sufficient state and federally mandated notice of tip credit requirements.

55.     During their employment, Plaintiff or one or more of the class members complained about the illegal practices above and Defendants took no action to stop the illegal practices.

56.     Although Defendants were aware of the requirements of the FLSA and FMWA, and the pertinent regulations thereto, Defendants' willfully and/or intentionally failed to pay Plaintiff and the class members in accordance with the state and federal law.

57.     As a result of Defendants' intentional and willful failure to comply with the FLSA and FMWA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of her claims.

## COUNT I – FED. R. CIV. P. 23 CLASS ACTION
## FOR FLORIDA MINIMUM WAGE VIOLATIONS
### (TIP CREDIT NOTICE CLASS)

58.     Plaintiff hereby re-avers Paragraphs 1 through 57 as though set forth fully herein.

59.     Plaintiff and all others similarly situated are/were entitled to be paid Florida's full minimum wage during their employment with Defendants.

60.     Plaintiff and the proposed class members were subjected to similar violations of Florida law as a result of the Defendants' paying less than the Florida minimum wage after failure to provide them with the sufficient state and federally mandated notice of tip credit requirements.

61.     Plaintiff seeks recovery of the *Florida minimum wages* under Fed. R. Civ. P. 23 for herself and the following class for Defendants' failure to pay constitutionally mandated state minimum wages:

**All front-of-house restaurant workers paid at reduced hourly wages who worked for Defendants at any location in Jacksonville, Florida during the five (5) years preceding this lawsuit who failed to receive the sufficient state and federally mandated notice of tip credit requirements.**

<u>RULE 23 CLASS ALLEGATIONS</u>

62.     Plaintiff brings her FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class.

63.     The putative Tip Credit Notice Class members are treated equally and similarly by Defendants, in that they were denied full and proper Florida minimum wage based upon the Defendants failing to provide Plaintiff and similarly situated workers with the sufficient state and federally mandated notice of tip credit requirements.

64.     ***Numerosity:*** Defendants employed more than 50 workers at its restaurant in Jacksonville, Florida during the past five (5) years who were not provided with the sufficient state and federally mandated notice of tip credit requirements and were not paid pertinent Florida minimum wage.  Given Defendants' size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

65.     Plaintiff and the Tip Credit Notice Class members were subject to the same policies, including Defendants' failing to provide Plaintiff and similarly situated workers with the sufficient state and federally mandated notice of tip credit requirements.

66.     ***Commonality:*** Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following:

(a) Whether Plaintiff and the Tip Credit Notice Class members were "employees" of Defendants;

(b) Whether Plaintiff and the Tip Credit Notice Class's hours were properly recorded;

(c) Whether Defendants violated the Florida minimum wage rights of Plaintiff and the Tip Credit Notice Class under the FMWA by failing to provide Plaintiff and similarly situated workers with the sufficient state and federally mandated notice of tip credit requirements;

(c) Whether Defendants willfully or intentionally refused to pay Plaintiff and the Tip Credit Notice Class Florida minimum wages;

(d) Whether Defendants knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll and time keeping practices; and

(e) The nature, extent, and measure of damages suffered by the Plaintiff and the Tip Credit Notice Class.

67. *Typicality*: Plaintiff's claims are typical of the claims of the members of the Tip Credit Notice Class. Plaintiff's claims arise from the Defendants' company-wide policy of failing to provide Plaintiff and similarly situated workers with the sufficient state and federally mandated notice of tip credit requirements and being required to work without being paid the full applicable Florida minimum wage.

68. *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Credit Notice Class. Plaintiff has no interest that might conflict with the interests of the Tip Credit Notice

13

Class.  Plaintiff is interested in pursuing her claims against Defendants vigorously and has retained counsel competent and experienced in class and employment litigation.

69.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

70.     Defendants acted on grounds generally applicable to the Tip Credit Notice Class, thereby making relief appropriate with respect to the Tip Credit Notice Class as a whole. Prosecution of separate actions by individual members of the Tip Credit Notice Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Credit Notice Class that would establish incompatible standards of conduct for Defendants.

71.     The identity of the Tip Credit Notice Class is readily identifiable from Defendants' records.

72.     Without a class action, Defendants will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Credit Notice Class.

73.     Plaintiff and the Tip Credit Notice Class members performed the same job duties, as restaurant worker, and were paid in an identical manner by Defendants based on Defendants failing to provide Plaintiff and similarly situated workers with the sufficient state and federally

mandated notice of tip credit requirements and not being paid at least the full applicable Florida minimum wage.

74.     Plaintiff and the Tip Credit Notice Class members were not paid proper Florida minimum wages when they were not provided with the sufficient state and federally mandated notice of tip credit requirements by the Defendants.

75.     Defendants was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Credit Notice Class members in accordance with the law.

76.     This action is intended to include each and every restaurant worker who worked for Defendants at its restaurants in Jacksonville, Florida during the past five (5) years and was not provided with the sufficient state and federally mandated notice of tip credit requirements by the Defendants.

77.     During all material times hereto, Plaintiff and all Tip Credit Notice Class members are/were non-exempt employees of Defendants.

78.     Restaurant workers' work for Defendants is an integral part of Defendants' business.

79.     Defendants violated the terms of the FMWA and Florida Constitution's provision on minimum wages by not paying Plaintiff and the putative class members at least Florida's minimum wage for all hours worked.

80.     In 2017, the Florida minimum wage was $8.10 per hour.

81.     In 2018, the Florida minimum wage was $8.25.

82.     In 2019, the Florida minimum wage was $8.46.

83.     In 2020, the Florida minimum wage was $8.56.

84.     From January 1, 2021 until September 29, 2021, the Florida minimum wage was $8.65 per hour.

85.     Beginning on September 30, 2021, the Florida minimum wage was $10.00 per hour.

86.     During their employment, Plaintiff or one or more of the Tip Credit Notice Class members complained about the illegal practices above and Defendants took no action to stop the illegal practices.

87.     The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Florida's minimum wage for each hour worked.

88.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendants a Florida minimum wage demand before this claim was filed.

89.     More than fifteen (15) calendar days have passed since Defendants received the Florida minimum wage demand letter and no payment has been tendered by Defendants to compensate Plaintiff and the putative Tip Credit Notice Class for the minimum wages owed.

90.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendants will retain the proceeds of their violations of the FMWA and Florida Constitution.

91.     Furthermore, even if every member of the Tip Credit Notice Class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

92. The relief sought is common to the entire class including, inter alia:

(a) Payment by the Defendants of actual damages caused by their failure to pay minimum wages pursuant to the Florida Minimum Wage Act and Florida Constitution;

(b) Payment by the Defendants of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Minimum Wage Act and Florida Constitution as a result of Defendants' intentional and/or willful violations;

(c) Payment by the Defendants of the costs and expenses of this action, including attorney's fees of Plaintiff's counsel.

93. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the Tip Credit Notice Class members have been damaged in the loss of *Florida* minimum wages for one or more weeks of work during the employment with Defendants.

94. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, PATTI LAUGHLIN, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, FRESH-MEX & CO. CORP. d/b/a FRESH-MEX & CO. – TEX-MEX CANTINA, MICHAEL TOUSSAINT, and AMANDA TOUSSAINT, and award Plaintiff, and all others similarly situated: (a) unliquidated Florida minimum wages; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs as permitted under the FMWA and Fla. Stat. 448.08; and any and all such further relief as the Court deems just and reasonable under the circumstances.

**COUNT II - COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS**
**(TIP CREDIT NOTICE COLLECTIVE)**

95. Plaintiff hereby re-avers Paragraphs 1 through 57 as though set forth fully herein.

17

96.    Plaintiff and all others similarly situated are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendants.

97.    Plaintiff and the proposed collective members were subjected to similar violations of federal law as a result of the Defendants' paying less than the federal minimum wage after failure to provide them with the sufficient federally mandated notice of tip credit requirements.

98.    Plaintiff seeks recovery of these federal minimum wages under 29 U.S.C. § 216(b) for herself and the following collective for Defendants' failure to pay federally mandated minimum wages:

> **All front-of-house restaurant workers paid at reduced hourly wages who worked for Defendants at any location in Jacksonville, Florida during the three (3) years preceding this lawsuit who failed to receive the sufficient federally mandated notice of tip credit requirements.**

99.    Defendants willfully failed to pay Plaintiff and the putative collective members the full federal minimum wage  of $7.25 per hour for one or more weeks of work.

100.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work during the employment with Defendants.

101.    Defendants' willful and/or intentional violations of entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

102.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, PATTI LAUGHLIN, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, FRESH-MEX & CO. CORP. d/b/a FRESH-MEX & CO. – TEX-MEX CANTINA, MICHAEL TOUSSAINT, and AMANDA

TOUSSAINT, and award Plaintiff, and all others similarly situated: (a) unliquidated federal minimum wages; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

**COUNT III – FED. R. CIV. P. 23 CLASS ACTION**
**FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(TIP SHARE CLASS)**

103.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 57 as though set forth fully herein.

104.    Plaintiff has fulfilled all conditions precedent required to bring this action under the Florida Minimum Wage Act and Florida Constitution.

105.    Plaintiff and other similarly situated workers customarily received tips as part of their compensation.

106.    The Florida tip credit requirements are modeled after the FLSA.

107.    Under the FLSA, pursuant to 29 U.S.C. 203(m)(2)(B), "an **employer** may not keep tips received by its employees for any purposes, including allowing **managers** or **supervisors** to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."[1]

108.    During the relevant time period, Defendants enforced a restaurant-wide policy that permitted Plaintiff and similarly situated restaurant workers paid at reduced hourly wages to allow

---

[1] On March 23, 2018, Congress passed the Consolidated Appropriations Act of 2018 (CAA), which amended Section 230(m) to add the following language: "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."  The CAA also amended another FLSA provision – Section 216(b) – to state that "[a]ny employer who violates section 203(m)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

supervisors, managers, owners, and/or other non-customarily tipped employees [2] to keep a portion of the tips restaurant workers earned.

109.    Defendants have enforced this policy for the previous five (5) years.

110.    Plaintiff and similarly situated Restaurant Workers paid at reduced hourly wages (hereinafter the "Tip Share Class") are entitled to recover the tip credit for the previous five (5) years **and** the sum of all tips that they were required to surrender to supervisors, managers, owners, and/or other non-customarily tipped employees from March 23, 2018 through the present.

111.    Defendants therefore forfeit any tip credit under Florida law and owe each Worker *at least* $3.02 for each hour of work they performed within the past 5 years in time periods in which Defendants failed to comply with the reduced wage requirements.

112.    In 2017, the Florida Minimum Wage was $8.10 per hour.

113.    In 2018, the Florida Minimum Wage was $8.25 per hour.

114.    In 2019, the Florida Minimum Wage was $8.46 per hour.

115.    In 2020, the Florida Minimum Wage was $8.56 per hour.

---

[2] "[C]hefs are one of the classic examples of those with whom tipped employees cannot be required to share tips." Montano v. Montrose Rest. Assocs., Inc., 800 F.3d 186, 191 (5th Cir. 2015); Rubio v. Fuji Sushi & Teppani, Inc., No. 6:11-CV-1753-ORL-37, 2013 WL 230216, at *3 (M.D. Fla. Jan. 22, 2013) ("Legislative history and Department of Labor interpretations demonstrate that kitchen chefs do not customarily and regularly receive tips."). Therefore, inclusion of an employee, who works primarily in the kitchen and rarely interacts with customers ("once or less per week") may invalidate a tip pool. *See* Frank v. Fresh on the Square LLC, No. 20-372-30, 2021 WL 4263331 (M.D. Fla. Sept. 20, 2021) (holding that there was a genuine issue as to material fact as to whether "expeditors" invalidated tip pool). The holding in *Frank* is consistent with the other federal courts' findings that "dishwashers, cooks, or off-hour employees like an overnight janitor" cannot legally be included in a valid tip pool. *See* Kilgore v. Outback Steakhouse of Fla., Inc., 160 F.3d 294, 301 (6th Cir. 1998). *See also* U.S. Dep't of Labor, Wage and Hour Division, "Fact Sheet # 15: Tipped Employees Under the Fair Labor Standards Act (FLSA)" at 1, available at http://www.dol.gov/ whd/regs/compliance/whdfs15.pdf ("Fact Sheet No. 15") ("A valid tip pool may not include employees who do not customarily and regularly received tips, such as dishwashers, cooks, chefs, and janitors.")

116.   From January 1, 2021, through September 29, 2021, the Florida Minimum Wage was $8.65 per hour.

117.   From September 30, 2021, through the present the Florida Minimum Wage has been $10.00 per hour.

118.   Plaintiff and the proposed Tip Share Class members were subject to similar violations of the FMWA and Florida Constitution.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendants' failure to pay Florida's mandated minimum wages:

> **All front-of-house restaurant workers paid at reduced hourly wages who worked for Defendants at any location in Jacksonville, Florida during the five (5) years preceding this lawsuit who were required to share a portion of their tips with supervisors, owners, managers, and/or other non-customarily tipped employees.**

## RULE 23 CLASS ALLEGATIONS

119.   Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Share Class").

120.   The putative Tip Share Class members are treated equally and similarly by Defendants, in that they were denied full and proper Florida minimum wage based upon the Defendants' companywide policy of permitting supervisors, managers, owners, and/or other non-customarily tipped employees to pilfer tips, thereby invalidating Defendants' ability to claim a tip credit.

121.   ***Numerosity***: Defendants employed in excess of 40 Workers in the class during the past five (5) years who were paid the applicable reduced wage when Defendants permitted supervisors, managers, owners, and/or other non-customarily tipped employees to pilfer tips.

Given Defendants' considerable size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

122.    Plaintiff and the class members were subject to the same policies.

123.    *Commonality*: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following:

(a)    Whether Plaintiff and the Tip Share Class were "employees" of Defendants;

(b)    Whether Plaintiff and the Tip Share Class' hours were properly recorded;

(c)    Whether Defendants violated the Florida minimum wage rights of Plaintiff and the Tip Share Class under the FMWA by permitting supervisors, managers, owners, and/or other non-customarily tipped employees to receive a portion of workers' tips;

(d)    Whether Defendants willfully or intentionally refused to pay Plaintiff and the Tip Share Class the Florida minimum wages as required under Florida law;

(e)    Whether Defendants knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(f)    The nature, extent, and measure of damages suffered by the Plaintiff and the Tip Share Class based upon Defendants' conduct.

124.    *Typicality*: Plaintiff's claims are typical of the Tip Share Class members' claims. Plaintiff's claims arise from the Defendants' company-wide policy of premitting all restaurant workers to surrender a portion of their tips to supervisors, managers, owners, and/or other non-

customarily tipped employees which resulted in them not receiving the applicable Florida minimum wage.

125.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Share Class.  Plaintiff has no interest that might conflict with the interests of the Tip Share Class.  Plaintiff is interested in pursuing her claims against Defendants vigorously and has retained counsel competent and experienced in class and employment litigation.

126.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

127.    Defendants have acted on grounds generally applicable to the Tip Share Class, thereby making relief appropriate with respect to the Tip Share Class as a whole.  Prosecution of separate actions by individual members of the Tip Share Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Share Class that would establish incompatible standards of conduct for Defendants.

128.    Without a class action, Defendants will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Share Class.

129.    Plaintiff and the Tip Share Class members performed the same job duties, as restaurant workers, and were paid in an identical manner by Defendants.

130.    Plaintiff and the Tip Share Class members were not paid proper Florida minimum wage for certain hours worked because they were all subject to the same tip sharing policy, which permitted and encouraged supervisors, managers, owners, and/or other non-customarily tipped employees to retain workers' hard-earned tips.

131.    Defendants were aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Share Class members in accordance with the law.

132.    The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of putative Tip Share Class members exceeds 40 Workers.

133.    This action is intended to include each and every worker who worked at the Fresh-Mex & Co. – Tex-Mex Cantina restaurants located in Jacksonville, Florida, during the past five (5) years who was subject to Defendants' unlawful tip policies.

134.    During all material times hereto, Plaintiff and all Tip Share Class members were non-exempt employees of Defendants.

135.    Plaintiff and the Tip Share Class members performed work as workers which was an integral part of the business for Defendants.

136.    Defendants violated the terms of the FMWA and Florida Constitution's provision on minimum wages permitting supervisors, managers, owners, and/or other non-customarily tipped employees and to retain tips from Plaintiff and all other restaurant workers during the relevant time period.

137.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the Defendants' unlawful tip policy within the previous five (5) years.

138.    Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendants a pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

139.    More than fifteen (15) calendar days have passed since Defendants received the Florida Minimum Wage demand letter and Defendants have failed to tender full payment to compensate Plaintiff and the Tip Share Class members for the Florida minimum wages they are owed.

140.    The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

141.    Absent class-wide redress of these claims, many members of the class likely will not obtain redress of their damages and Defendants will retain the proceeds of their violations of the FMWA and Florida Constitution.

142.    Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

143.    The relief sought is common to the entire class including, inter alia:

(a)    The difference between the reduced Florida Minimum Wage and the Full Florida Minimum Wage for all workers during the previous five (5) years who were

25

permitted to share their tips with supervisors, owners, managers, and/or other non-customarily tipped employees;

(b)     Payment by the Defendants of tips unlawfully retained from March 23, 2018, through the present;

(c)     Payment by the Defendants of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of Defendants' intentional and/or willful violations;

(f)     Payment by the Defendants of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

144.     Plaintiff and the Tip Share Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendants in violation of the FMWA and Florida Constitution.

145.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, PATTI LAUGHLIN, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, FRESH-MEX & CO. CORP. d/b/a FRESH-MEX & CO. – TEX-MEX CANTINA, MICHAEL TOUSSAINT, and AMANDA TOUSSAINT , and award Plaintiff, and the putative class: (a) recovery of the tip credit owed Plaintiff and the Tip Share Class for the previous five (5) years; (b) recovery of all tips unlawfully retained from March 23, 2018, through the present; (c) liquidated damages; (d) all reasonable attorney's fees and costs as permitted under Florida law, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

**COUNT IV– UNLAWFUL TAKING OF TIPS – 29 U.S.C. § 216(b) / 29 U.S.C. § 203**
**(TIP SHARE COLLECTIVE)**

146.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 57 as though set forth fully herein.

147.     Plaintiff and all other similarly situated front-of-house restaurant workers customarily received tips as part of their compensation during their employment with Defendants.

148.     Pursuant to 29 U.S.C. 203(m)(2)(B), "an **employer** may not keep tips received by its employees for any purposes, including allowing **managers** or **supervisors** to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."[3]

149.     During the relevant time period, Defendants enforced a company-wide policy that permitted Plaintiff and similarly situated restaurant workers to allow supervisors, managers, owners, and/or other non-customarily tipped employees to keep a portion of the tips front-of-house restaurant workers earned.

150.     Defendants have enforced this policy for at least the previous three (3) years.

151.     Plaintiff and similarly situated front-of-house Restaurant Workers paid at reduced hourly wages are entitled to recover the tip credit **_and_** the sum of all tips that they were permitted to share with supervisors, managers, owners, and/or other non-customarily tipped employees from March 23, 2018, through the present.

152.     Defendants' failure to comply with the FLSA was willful and/or intentional.

---

[3] On March 23, 2018, Congress passed the Consolidated Appropriations Act of 2018 (CAA), which amended Section 230(m) to add the following language: "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."  The CAA also amended another FLSA provision – Section 216(b) – to state that "[a]ny employer who violates section 203(m)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

153.    Defendants knew or should have known of the pertinent FLSA laws, rules and regulations and willfully ignored them as Defendants kept a portion of workers' hard-earned tips during the course of the previous three (3) years.

WHEREFORE, Plaintiff, PATTI LAUGHLIN, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, FRESH-MEX & CO. CORP. d/b/a FRESH-MEX & CO. – TEX-MEX CANTINA, MICHAEL TOUSSAINT, and AMANDA TOUSSAINT, and award Plaintiff, and the putative class: (a) recovery of the tip credit owed Plaintiff and the Class for the previous three (3) years; (b) recovery of all tips unlawfully retained from March 23, 2018, through the present; (c) liquidated damages; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

### COUNT V – COLLECTIVE ACTION FOR FEDERAL OVERTIME WAGE VIOLATIONS
**(Company-Wide Overtime Collective)**

154.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 57 as though set forth fully herein.

155.    In one or more workweeks during the relevant time period, Plaintiff and all other similarly situated employees who worked for Defendants at any location in Jacksonville, Florida, were entitled to be paid overtime wages for certain hours of work performed in excess of forty (40) in a workweek.

156.    Defendants failed to maintain accurate time records during Plaintiff's employment period and willfully or recklessly failed to pay Plaintiff overtime wages, even when they were expressly aware that she worked over forty (40) hours in a workweek.

157.    In one or more workweeks during the relevant time period, Defendants calculated entitlement to federal overtime wages for all employees based on an 80-hour period over two weeks instead of the requisite 40-hour workweek.

158.    In one or more workweeks Defendants paid Plaintiff less than the applicable overtime rate for her work in excess of forty (40) hours per week.

159.    Defendants willfully failed to pay Plaintiff and the putative collective members certain federal overtime wages in one or more workweeks during the relevant time period.

160.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the collective members have been deprived of overtime wages for one or more workweeks during the previous three (3) years.

161.    Defendants' willful and/or intentional violations of the FLSA entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

162.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, PATTI LAUGHLIN, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, FRESH-MEX & CO. CORP. d/b/a FRESH-MEX & CO. – TEX-MEX CANTINA, MICHAEL TOUSSAINT, and AMANDA TOUSSAINT, and award Plaintiff, and all others similarly situated: (a) unliquidated federal overtime wages; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

**COUNT VI – COLLECTIVE ACTION FOR FEDERAL OVERTIME WAGE VIOLATIONS**

**(Front-of-House Overtime Collective)**

163.   Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 57 as though set forth fully herein.

164.   In one or more workweeks during the relevant time period, Defendants compensated Plaintiff and all other similarly situated front-of-house restaurant workers a reduced hourly wage in the amount of $6.98 per hour.

165.   Defendants failed, however, to provide Plaintiff and all other similarly situated front-of-house restaurant workers with the requisite tip notice under federal and/or state law.

166.   Plaintiff and all other similarly situated front-of-house restaurant workers who worked for Defendants at any location in Jacksonville, Florida, were entitled to be paid overtime wages for certain hours of work performed in excess of forty (40) in a workweek.

167.   In light of their failure to provide sufficient notice of the tip credit under federal and/or state law, the Defendants are not permitted to take a tip credit toward any overtime wages owed to the front-of-house restaurant workers. Accordingly, Plaintiff and similarly situated front-of-house restaurant workers are entitled to receive a minimum of $15.00 per hour for each overtime hour worked in 2022.

168.   Even if Defendants did provide sufficient notice of the tip credit under federal and/or state law (which they did not), Defendants nevertheless failed to properly calculate the overtime wages owed to front-of-the-house restaurant workers when they worked in excess of 40 hours in a workweek.

169.   For example, when Plaintiff and other similarly situated front-of-the-house restaurant workers worked more than 40 hours in a workweek, the Defendants only compensated them one-and-one-half times the reduced hourly wage of $6.98 per hour. This resulted in

Defendants only paying Plaintiff and similarly situated front-of-house restaurant workers an overtime premium of $10.47 per hour.

170.    Even if Plaintiff and similarly situated front-of-the-house restaurant workers could be paid a reduced wage for each hour they worked, they were still entitled to receive 1.5 times the full Florida minimum wage rate for each overtime hour worked.[4]

171.    In one or more workweeks of her employment Plaintiff worked in excess of 40 hours in a workweek but was only paid $10.47 for each overtime hour she worked instead of the required $15.00 per hour.

172.    In one or more workweeks Defendants paid Plaintiff less than the applicable overtime rate for her work in excess of forty (40) hours per week.

173.    Defendants willfully failed to pay Plaintiff and the putative collective members certain federal overtime wages in one or more workweeks during the relevant time period.

174.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the collective members have been deprived of overtime wages for one or more workweeks during the previous three (3) years.

---

[4] Under the FLSA, when an employee works in excess of 40 hours per week, she is entitled to recover 1.5 times the *greater* of her regular hourly rate **or** the applicable state minimum wage. *See, e.g.,* Virgin v. Escalante-Black Diamond Golf Club, LLC, 2014 WL 12591472 (M.D. Fla. 2014) ("The FLSA and Florida law require that an employer pay all of its employees a specified minimum wage, and 1.5 times that minimum wage for all hours worked in excess of 40 in any work week"). This requirement applies to tipped employees and the overtime rate is calculated on the full applicable minimum wage. *See* Virgin, 2014 WL 12591472 at *2 ("Overtime wages are calculated on the full minimum wage, not the lower direct or cash wage payment"); *see, also,* 29 C.F.R. § 531.60 ("A tipped employee's regular rate of pay includes the amount of tip credit taken by the employer per hour…"); *see, also,* Dept. of Labor Fact Sheet #15 ("Where the employer takes the tip credit, overtime is calculated on the full minimum wage, not the lower direct (or cash) wage payment").

175.    Defendants' willful and/or intentional violations of the FLSA entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

176.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, PATTI LAUGHLIN, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, FRESH-MEX & CO. CORP. d/b/a FRESH-MEX & CO. – TEX-MEX CANTINA, MICHAEL TOUSSAINT, and AMANDA TOUSSAINT, and award Plaintiff, and all others similarly situated: (a) unliquidated federal overtime wages; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, PATTI LAUGHLIN, requests and demands a trial by jury on all appropriate claims.

**Date: June 24, 2022**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By:  */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
DAVID M. NUDEL, ESQUIRE
Florida Bar No. 1003678
*Jordan@jordanrichardspllc.com*
*David@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on June 24, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST