## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

### CASE NO.: 3:22-cv-703-MCR

PATTI LAUGHLIN, on behalf of
herself and all others similarly
situated,

      Plaintiffs,

v.

FRESH-MEX & CO. CORP.,
d/b/a Fresh-Mex & Co. – Tex-Mex
Cantina, et. al.,

      Defendants.

_____/

### STIPULATED  CLASS  ACTION  SETTLEMENT  AGREEMENT

      This Stipulation of Class Action Settlement is entered into by and among Plaintiff, PATTI LAUGHLIN ("Plaintiff" or "Laughlin"), for herself individually and on behalf of the Settlement Class, opt-in Plaintiff ZACHARY BENNETT ("opt-in Plaintiff" or "Bennett"), and Defendants, FRESH-MEX & CO. CORP. d/b/a Fresh-Mex & Co. – Tex-Mex Cantina ("Fresh-Mex"), MICHAEL TOUSSAINT ("Mr. Toussaint"), and AMANDA TOUSSAINT ("Mrs. Toussaint") (Fresh-Mex and the Toussaints collectively referred to hereinafter as "Defendants") (Plaintiff and Defendants are referred to collectively as the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the terms and conditions hereof, and subject to the approval of the Court.

### RECITALS

      1.      On June 24, 2022, Plaintiff, Laughlin, filed a putative class action against her former employer, seeking damages under the Florida Minimum Wage Act ("FMWA"). Plaintiff also sought damages for violations of the Fair Labor Standards Act ("FLSA"). The claims related to various wage violations allegedly committed by Defendants in Jacksonville, Florida. The action was assigned case number 3:22-cv-703-MMH-MCR and was originally assigned to Hon. Marcia Morales Howard and later transferred to the Hon. Monte Richardson after the Parties consented to jurisdiction of the United States Magistrate Judge on August 22, 2022.

2.      The Parties have explored settlement and after a series of document production agreed that a full and final class settlement, pursuant to Fed. R. Civ. P. 23, was in the best interests of the Parties. The Parties initially exchanged informal discovery in advance of settlement discussions. Voluntary production of documents included data which demonstrates the total number of tipped employees (other than bartenders) employed by the Defendants in the past 5 years and the total number of hours worked by tipped employees within the past 5 years. In late July 2022, the Parties began to extensively negotiate a class-wide resolution and engaged in hours-long discussions concerning the size, scope, and structure of the class settlement. These arms-length negotiations spanned several days, and material terms were reached by the Parties on August 15, 2022. A Joint Notice of Class Settlement was filed with the Court on August 23, 2022.

3.      Plaintiff and Class Counsel conducted a comprehensive examination of the law and facts relating to the allegations in the Action and Defendants' potential defenses. Plaintiff believes that the claims asserted in the Action have merit, that Plaintiff would have ultimately succeeded in obtaining adversarial certification of the proposed Settlement Class, and that they would have prevailed on the merits at summary judgment or at trial. However, Plaintiff and Class Counsel recognize that Defendants have raised several factual and legal defenses in the Action that presented a significant risk that Plaintiff would not prevail and/or that a class would not be certified for trial. Class Counsel have also taken into consideration the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulty and delay inherent in such litigation. Plaintiff and Class Counsel believe that this Agreement presents an exceptional result for the Settlement Class, and one that will be provided to the Settlement Class without delay. Plaintiff and Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and based on good faith negotiations, and in the best interests of Plaintiff and the Settlement Class. Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and forever barred pursuant to the terms and conditions set forth in this Settlement Agreement.

4.      Defendants expressly deny the material allegations in the Action, as well as all allegations of wrongdoing and liability, including that they are subject to or violated the FLSA or FMWA, and believe that they would have prevailed on the merits and that a class would not be certified for trial. Nevertheless, Defendants have similarly concluded that this settlement is desirable to avoid the time, risk, and expense of defending protracted litigation, and to avoid the

risk posed by the Settlement Class's claims. Defendants thus desire to resolve finally and completely the pending and potential claims of Plaintiff and the Settlement Class.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, individually and on behalf of the Settlement Class, and Defendants that, subject to the approval of the Court after a hearing as provided for in this Settlement Agreement, and in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Settlement Agreement.

## **AGREEMENT**

### I.    **DEFINITIONS**

As used herein, in addition to any definitions set forth elsewhere in this Settlement Agreement, the following terms shall have the meanings set forth below:

1.1    "Action" means the case captioned *Laughlin, et al. v. Fresh-Mex & Co. Corp., et al.,* M.D. Fla. Case No. 3:22-cv-00703-MCR.

1.2    "**FRESH-MEX & CO. CORP.**" or "**FRESH-MEX**" or "**TEX-MEX CANTINA**" means FRESH-MEX & CO. CORP. d/b/a Fresh-Mex & Co. – Tex-Mex Cantina, a Florida corporation.

1.3    "Agreement" or "Settlement Agreement" means this Stipulation of Class Action Settlement and the attached Exhibits.

1.4    "Approved Claim" means a Claim Form submitted by a Settlement Class Member that is (a) timely submitted in accordance with the directions on the Claim Form and the terms of this Agreement; (b) is fully completed and physically signed or electronically signed by the Settlement Class Member; and (c) satisfies the conditions of eligibility for a Settlement Payment as set forth in this Agreement.

1.5    "Claims Deadline" means the date by which all Claim Forms must be postmarked or submitted on the Settlement Website to be considered timely, and shall be set as a date no later than forty-five (45) calendar days following the Notice Date, subject to Court approval. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice and the Claim Form.

1.6 "Claim Form" means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, which shall be completed by Settlement Class Members who wish to file a claim for a Settlement Payment, shall be available in paper and electronic format. The Claim Form will require claiming Settlement Class Members to provide the following information: (i) full name; (ii) current U.S. Mail address; (iii) current contact telephone number and e-mail address; and (iv) a statement that he or she worked for Fresh Mex in Jacksonville, Florida, between June 24, 2017 and the date of the Preliminary Approval Order. The Claim Form will not require notarization, but will require affirmation that the information supplied is true and correct.

1.7 "Class Counsel" means attorney Jordan Richards of USA Employment Lawyers – Jordan Richards PLLC.

1.8 "Class Representative" means the named Plaintiff in the Action, Patti Laughlin.

1.9 "Court" means the United States District Court for the Middle District of Florida, the Honorable Monte Richardson presiding, or any judge who shall succeed him as the Judge assigned to the Action.

1.10 "Defendants' Counsel" means attorneys P. Campbell Ford and Alison Blake of Ford, Miller & Wainer, P.A.

1.11 "Effective Date" means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award or the Individual Settlement Amount for Non-FMWA Claims, the date of completion, in a manner that finally affirms and leaves in place the Final Approval Order without any material modification, of all proceedings rising out of the appeal(s) including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on appeal with respect to the Final Approval Order.

1.12 "Escrow Account" means the separate, qualified interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to Class Counsel and Defendants at a depository institution insured by the Federal Deposit Insurance Corporation for the purposes of holding the Settlement Fund.

1.13 "Fee Award" means the amount of attorneys' fees and costs awarded to Class Counsel by the Court, which shall be paid out of the Settlement Fund.

1.14 "Final Approval Hearing" means the hearing before the Court where Plaintiff will request that the Final Approval Order be entered by the Court finally approving the Settlement as fair, reasonable, adequate, and made in good faith, and approving the Fee Award. The Parties agree that the Final Approval Hearing may be held by telephone or videoconference.

1.15 "Final Approval Order" means the final approval order to be entered by the Court approving the settlement of the Action in accordance with this Settlement Agreement after the Final Approval Hearing, and dismissing the Action with prejudice. A proposed version of the Final Approval Order shall be submitted to the Court in the form attached hereto as Exhibit B.

1.16 "**Individual Settlement Amount for Non-FMWA Claims**" means the proposed amount of Four Thousand Dollars ($4,000.00) to be paid to the Class Representative, Laughlin, as consideration for the non-FMWA claims she pursued in this case on an individual basis, including FLSA overtime claims ($1,500.00 to represent unliquidated damages, $2,500.00 to represent consideration for the general release), and the proposed amount of Four Thousand Dollars ($4,000.00) to be paid to the opt-in Plaintiff, Bennett, as consideration for the non-FMWA claims he pursued in this case on an individual basis, including FLSA overtime claims ($1,500.00 to represent unliquidated damages, and $2,500.00 to represent consideration for the general release), and to be approved at the Final Approval Hearing.

1.17 "Notice" means the notice of the proposed Settlement and Final Approval Hearing approved by the Court, which is to be disseminated to the Settlement Class substantially in the manner set forth in this Settlement Agreement, fulfills the

DocuSign Envelope ID: 35AF7A14-9D78-43DE-A93F-E163D582043

requirements of Due Process and Fed. R. Civ. P. 23, and is substantially in the form of Exhibit C attached hereto.

1.18    "Notice Date" means the date by which the Notice is disseminated to the Settlement Class, which shall be a date no later than thirty (30) calendar days after entry of the Preliminary Approval Order.

1.19    "Objection/Exclusion Deadline" means the date by which a written objection to the Settlement Agreement or a request for exclusion from the Settlement Class submitted by a person within the Settlement Class must be filed with the Court and/or postmarked or e-mailed (for exclusion requests), which shall be designated as a date approximately forty-five (45) calendar days after the Notice Date, as approved by the Court. The Objection/Exclusion Deadline will be set forth in the Notice and on the Settlement Website.

1.20    "Opt-in Plaintiff" means Zachary Bennett.

1.21    "Plaintiff" means Patti Laughlin.

1.22    "Preliminary Approval Order" means the Court's order preliminarily approving the Agreement, preliminarily certifying the Settlement Class for settlement purposes, and approving the form and manner of the Notice. A proposed version of the Preliminary Approval Order shall be submitted to the Court in the form attached hereto as Exhibit D.

1.23    "Released Claims" means any and all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the Florida Minimum Wage Act or other state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the payment or non-payment of Florida minimum wages, including all claims that were brought or could have been brought in the Action, belonging to any and all Releasing Parties.

DocuSign Envelope ID: 35AF74L-9D7E-4DE6-A984-E1633256204B

1.24    "Released Parties" means FRESH-MEX & CO. CORP., MICHAEL TOUSSAINT, and AMANDA TOUSSAINT, and their past, present and future, direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, agents, employees, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors and trustees.

1.24.   "Releasing Parties" means Plaintiff and any and all other Settlement Class Members and their respective past, present and future heirs, children, spouses, beneficiaries, conservators, executors, estates, administrators, assigns, agents, consultants, independent contractors, insurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities.

1.25    "Settlement" means the final resolution of the Action as embodied by the terms and conditions of this Agreement.

1.26    "Settlement Administration Expenses" means the expenses incurred by the Settlement Administrator in or relating to administering the Settlement, providing Notice, processing Claim Forms, mailing checks for Settlement Payments, and other such related expenses, with all such expenses to be paid from the Settlement Fund.

1.27    "Settlement Administrator" means Simpluris, Inc., subject to approval of the Court, which will provide the Notice, Settlement Website, processing Claim Forms, sending of Settlement Payments to Settlement Class Members, issuance of applicable tax documentation, and performing such other settlement administration matters set forth herein or contemplated by the Settlement.

1.28    "Settlement Class" means all individuals who worked as tipped employees at any Fresh Mex location in Jacksonville, Florida between June 24, 2017, and the date of the Preliminary Approval Order, except for bartenders, who are excluded from the Settlement Class. Also excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest; (3)

DocuSign Envelope ID: 25AF741-9D7B-42E6-A9C4-E163D582043

persons who properly execute and file a timely request for exclusion from the Settlement Class; and (4) the legal representatives, successors or assigns of any such excluded person.

1.29    "Settlement Class Member" or "Class Member" means a person who falls within the definition of the Settlement Class and who does not submit a valid request for exclusion from the Settlement Class.

1.30    "Settlement Fund" means the total amount of Seventy-Five Thousand Dollars ($75,000.00) to be transferred by Defendants, jointly and severally, into the Escrow Account pursuant to the terms of this Settlement. Under no circumstances shall Defendants be required to transfer, provide settlement funding or pay any attorneys' fees, costs, Settlement Administration Expenses, the Individual Settlement Amount for Non-FMWA Claims or other amounts that, taken together, exceed $75,000.00.

1.31    "Settlement Payment" means the check that each Settlement Class Member with an Approved Claim will receive, the amount of which will be based upon their total weeks worked as a tipped employee at any Fresh Mex location in Jacksonville, Florida, between June 24, 2017, and the date of the Preliminary Approval Order. The calculation formula for Settlement Payments will be as follows: each Settlement Class Member with an Approved Claim will receive One Dollar Fifty-Seven Cents ($1.57) for each hour worked as a tipped employee at any Fresh Mex location in Jacksonville, Florida, between June 24, 2017, and the date of the Preliminary Approval Order. Notwithstanding the foregoing, the Parties agree that the Settlement Payment to any one Settlement Class Member will be no less than $1.57. The Parties agree that the Settlement Administrator shall allocate fifty percent (50%) of each individual's Settlement Payment as wages and the other fifty percent (50%) as non-wages.

1.32    "Settlement Website" means the website to be created, launched, and maintained by the Settlement Administrator, which will provide access to relevant settlement administration documents, including the Notice, relevant court filings, and the ability to submit Claim Forms online. The Settlement Website shall be live and active by the Notice Date, and the URL of the Settlement Website shall be

www.simpluris.com/freshmexsettlement, or such other URL as the Parties may subsequently agree to.

## II.    SETTLEMENT RELIEF

### 2.1    Settlement Payments to Settlement Class Members

a.    Within twenty (20) calendar days of the entry of the Preliminary Approval Order, Defendants, their insurer(s), or any other party on behalf of Defendants, shall transmit the Settlement Fund to the Escrow Account established by the Settlement Administrator. The Settlement Fund shall satisfy all monetary obligations of Defendants (or any other Released Party) under this Settlement Agreement, including the Settlement Payments, Settlement Administration Expenses, the Individual Settlement Amount for Non-FMWA Claims, the Fee Award, and other payments or other monetary obligations contemplated by this Agreement or the Settlement. Under no circumstances shall Defendants be required to pay anything more than the Settlement Fund.

b.    Settlement Class Members shall have until the Claims Deadline to submit Claim Forms. Each Settlement Class Member who submits an Approved Claim shall be entitled to a Settlement Payment. When sending the Settlement Payments to Settlement Class Members with Approved Claims, the Settlement Administrator shall send such Settlement Payments via First Class U.S. Mail to the address provided on the Approved Claim Form.

c.    Within ten (10) calendar days after the Claims Deadline, the Settlement Administrator shall process all Claim Forms submitted by Settlement Class Members and shall determine which claims are valid and initially approved and which claims are initially rejected. The Settlement Administrator may request additional information prior to initially accepting or rejecting any Claim Form submitted. The Settlement Administrator shall employ reasonable procedures to screen Claim Forms for abuse and/or fraud.

d.    Within ten (10) calendar days of the Claims Deadline, the Settlement Administrator will submit to Counsel for the Parties a report listing all initially approved and initially rejected Claims.

e.    Counsel for the Parties shall have ten (10) days after the date they receive the report listing the initially approved and initially rejected claims to audit and challenge any initially approved or initially rejected claims. Counsel for the Parties shall meet and confer in an effort to resolve any disputes or disagreements over any initially approved or rejected claims. The

Settlement Administrator shall have sole and final authority for determining if Settlement Class Members' Claim Forms are complete, timely, and accepted as Approved Claims.

      f.      The Settlement Administrator shall send each Settlement Class Member with an Approved Claim a Settlement Payment by check within thirty (30) calendar days of the Effective Date. All Settlement Payments will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) calendar days after the date of issuance.

      g.      To the extent that a check issued to Settlement Class Members is not cashed within ninety (90) calendar days after the date of issuance, the check will be void. Uncashed checks will be voided by Defendants after ninety (90) calendar days of issuance and any and all such funds shall revert back to Defendants.

      h.      Settlement Class Members may request replacement checks within the ninety (90) day period after initial issuance, but such checks will not extend the ninety (90) day check cashing period from the date checks were originally issued.

      i.      Following the expiration of the Claims Deadline and issuance of the Settlement Payments, and after payment of any outstanding Settlement Administration Expenses, any unclaimed or leftover amounts in the Escrow Account, including but not limited to any amounts that were allocated to individuals in the Settlement Class who submitted valid requests for exclusion from the Settlement Class or Settlement Class Members without Approved Claims or any amounts stemming from uncashed checks issued to Settlement Class Members, shall revert back to Defendants. The reversion of any outstanding funds remaining shall be released to Defendants via their counsel within 30 calendar days following the expiration of the ninety (90) day period addressed above.

## III.    RELEASES

3.1    **Settlement Class Member Release**. Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties, and each of them, shall be deemed to have released, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged the Released Parties from any and all Released Claims

3.2    **Mutual General Release from Class Representative and opt-in Plaintiff**. Upon the Effective Date, and in consideration for the Individual Settlement Amount for

Non-FMWA Claims, Class Representative and opt-in Plaintiff shall release and discharge the Released Parties from: (a) all claims raised or which could have been raised in the Action; (b) all claims, actions, causes of action, class allegations, demands, damages, costs, liabilities, debts, obligations, attorneys' fees, loss of wages and benefits, loss of earning capacity, mental anguish, pain and suffering, or other relief permitted to be recovered or related to, or in any way growing out of Class Representative's employment with, treatment at, wages from, or separation of employment from Defendants or any of the other Released Parties; (c) all claims arising under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, the National Labor Relations Act, as amended, the Equal Pay Act, the Fair Labor Standards Act, as amended, the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, as amended, the Family and Medical Leave Act, 42 U.S.C. § 1981, the Employee Retirement Income Security Act, as amended, and any other Federal, State, or municipal statute, order, regulation, or ordinance on account of, or any damages or injury related to or in any way growing out of Class Representative's employment with, treatment at, compensation from, or separation of employment from Defendants or any of the other Released Parties; and (d) all claims arising under common law, including, but not limited to, tort claims or breach of contract claims (express or implied), intentional interference with contract, intentional infliction of emotional distress, negligence, defamation, violation of public policy, wrongful or retaliatory discharge, tortious interference with contract, and promissory estoppel, on account of, or any damages or injury related to or in any way growing out of Class Representative's employment with, treatment at, compensation from, or separation of employment from Defendants or any of the other Released Parties from the beginning of the world through the Final Approval of the Settlement by the Court.

Defendants likewise release and discharge the Class Representative and opt-in Plaintiff from: (a) all claims raised or which could have been raised in the Action; (b) all claims, actions, causes of action, class allegations, demands, damages, costs, liabilities, debts, obligations, attorneys' fees, loss of wages and benefits, loss of earning capacity, mental anguish, pain and suffering, or other relief permitted to be recovered or related to, or in any way growing out of Class Representative's employment with, treatment at, wages from, or separation of employment from Defendants or any of the other Released Parties; (c) all claims arising under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, the National Labor Relations Act, as amended, the Equal Pay Act, the Fair Labor Standards Act,

as amended, the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, as amended, the Family and Medical Leave Act, 42 U.S.C. § 1981, the Employee Retirement Income Security Act, as amended, and any other Federal, State, or municipal statute, order, regulation, or ordinance on account of, or any damages or injury related to or in any way growing out of Class Representative's employment with, treatment at, compensation from, or separation of employment from Defendants or any of the other Released Parties; and (d) all claims arising under common law, including, but not limited to, tort claims or breach of contract claims (express or implied), intentional interference with contract, intentional infliction of emotional distress, negligence, defamation, violation of public policy, wrongful or retaliatory discharge, tortious interference with contract, and promissory estoppel, on account of, or any damages or injury related to or in any way growing out of Class Representative's employment with, treatment at, compensation from, or separation of employment from Defendants or any of the other Released Parties

3.3    **No Re-Hire**. In exchange for the Individual Settlement Amount for Non-FMWA Claims, the Class Representative and opt-in Plaintiff acknowledge that because of circumstances unique to them, including, but not limited to, irreconcilable differences with the Released Parties, Class Representative and opt-in Plaintiff are not qualified for any position with the Released Parties and, therefore, shall not apply in the future for employment with the Released Parties. Class Representative and opt-in Plaintiff acknowledge that if they do seek employment or reemployment with Released Parties, the Released Parties' failure to hire Class Representative and/or opt-in Plaintiff, withdrawal of an offer of employment to Class Representative and/or opt-in Plaintiff, or, if already employed, termination of Class Representative and/or opt-in Plaintiff without notice or cause, will not constitute retaliation or discrimination and Class Representative and/or opt-in Plaintiff have no legal recourse against the Released Parties for such acts.

## IV.    NOTICE TO CLASS; RIGHTS TO OBJECT OR REQUEST EXCLUSION

4.1    **Class List**.    Defendants shall provide the information in Defendants' possession, custody, or control, regarding the names, e-mail addresses, U.S. Mail addressees and Social Security Numbers of the individuals in the Settlement Class to the Settlement Administrator as soon as practicable, but by no later than fourteen (14) calendar days after entry of the Preliminary Approval Order. In addition, Defendants shall provide each individual's total hours worked as a tipped employee at any Fresh Mex location in Jacksonville, Florida between June 24, 2017, and the date of the Preliminary Approval Order to the Settlement Administrator.

DocuSign Envelope ID: 7384E7A1-0D76-4DF0-A9B4-E16C80592B42

4.2    **Methods and Form of Notice**.    The Notice shall include the best notice practicable, including but not limited to:

a.    *Direct Notice*. No later than the Notice Date, the Settlement Administrator shall send Notice via e-mail substantially in the form attached as Exhibit C to all persons in the Settlement Class for whom an e-mail address is available on the Class List. In addition, the Settlement Administrator shall, no later than the Notice Date, send Notice via First Class U.S. Mail substantially in the form attached as Exhibit C, to each physical address in the Class List.

b.    *Internet Notice*. The Settlement Administrator will develop, host, administer and maintain a Settlement Website containing the notice substantially in the form of Exhibit C attached hereto no later than the Notice Date.

4.3    **Right to Object or Comment.**    Any person in the Settlement Class who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector and must include: (a) the Settlement Class Member's full name and current address; (b) a statement why he or she believes himself or herself to be a member of the Settlement Class including the dates during which the individual was employed by Defendants; (c) the specific grounds for the objection; (d) all documents or writings that the Settlement Class Member desires the Court to consider; (e) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit form the pursuit of the objection; and (f) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). All written objections must be filed with the Court and e-mailed to Class Counsel and Defendants' Counsel no later than the Objection/Exclusion Deadline. Any person in the Settlement Class who fails to timely file an objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this section and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement Agreement or the Final Approval Order by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

DocuSign Envelope ID: B334E7C1-9D76-4DF0-9FB4-E16BB592B43

4.4     **Right to Request Exclusion**. Any person in the Settlement Class may submit a request for exclusion from the Settlement on or before the Objection/Exclusion Deadline. To be valid, any request for exclusion must: (a) be in writing; (b) identify the case name *Laughlin, et al. v. Fresh-Mex & Co. Corp. d/b/a Fresh-Mex & Co. – Tex-Mex Cantina., et al.,* Case No. 3:22-cv-704-MCR; (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. In light of the COVID-19 pandemic, the Settlement Administrator shall create a dedicated e-mail address to receive exclusion requests electronically. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Laughlin, et al. v. Fresh-Mex & Co. Corp. d/b/a Fresh-Mex & Co. – Tex-Mex Cantina., et al.,* Case No. 3:22-cv-704-MCR." A request for exclusion that does not include all of the foregoing information, that is sent to an address or e-mail address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by this Settlement Agreement, if approved. Any person who elects to request exclusion from the Settlement Class shall not: (a) be bound by any orders or the Final Approval Order entered in this Action; (b) receive a Settlement Payment under this Settlement Agreement; (c) gain any rights by virtue of this Settlement Agreement; or (d) be entitled to object to any aspect of this Settlement Agreement or the Final Approval Order. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

## V.     SETTLEMENT ADMINISTRATION

5.1     Settlement Administrator's Duties.

a.     *Dissemination of Notices.* The Settlement Administrator shall disseminate Notice as provided in Section 4 of this Settlement Agreement. If a Notice is returned with a forwarding address, the Settlement Administrator shall promptly mail a new Notice to the forwarding address. If a Class Notice is returned without a forward address, the Settlement Administrator shall promptly seek to determine the individual's current address (including by performing, if needed, a standard Level 2 Skip Trace in the manner that the Settlement Administrator customarily performs skip traces, and, to facilitate this process, the Settlement

Administrator may use the individual's social security number, if available). If a new address is not obtained through a standard Level 2 skip tracing (or any other reasonable or customary methods available to the Settlement Administrator, such as telephoning or emailing the individual), no further effort need be taken.

b. *Maintenance of Records*.   The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendants' Counsel upon request, except that Plaintiff and Class Counsel shall not have access to the information provided by Defendant regarding Settlement Class Members other than as authorized in this Agreement. Neither Plaintiff nor Class Counsel shall use the Claim Forms, or any information contained in the Claim Forms, for any purpose other than those specifically set forth in Section 2.1 above, and shall not disclose the Claim Forms, or any information contained in the Claims Forms, to any other person or entity. Nothing in the foregoing shall be construed to create a duty or obligation that would be ethically impermissible under the Florida Rules of Professional Conduct promulgated by the Florida Supreme Court. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide bi-weekly reports to Class Counsel and Defendants' Counsel with information concerning Notice, number of Claim Forms submitted, number of Approved Claims, requests for exclusion or objection, and administration and implement of the Settlement.

c. *Receipt of Requests for Exclusion*.   The Settlement Administrator shall receive requests for exclusion from persons in the Settlement Class and provide to Class Counsel and Defendants' Counsel a copy therefore within five (5) calendar days of the Objection/Exclusion Deadline. If the Settlement Administrator receives any requests for exclusion or other requests from Settlement Class Members after the deadline for the submission of requests for exclusion, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendants' Counsel.

d. *Creation of Settlement Website*.   The Settlement Administrator shall create the Settlement Website and utilize the URL www.simpluris.com/freshmexsettlement.

e. *Timing of Settlement Payments*.   The Settlement Administrator shall make the Settlement Payments contemplated in Section 2 of this Settlement Agreement by check

and mail them to Settlement Class Members with Approved Claims within thirty (30) calendar days after the Effective Date.

## VI.   PRELIMINARY APPROVAL AND FINAL APPROVAL

6.1    **Preliminary Approval**.   Within ten (10) calendar days of execution of this Settlement Agreement, Class Counsel shall prepare an *Agreed* Motion for Preliminary Approval of Class Settlement, Certification of the Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure and Memorandum of Law in Support. Plaintiff shall also submit this Settlement Agreement to the Court and move the Court to enter the Preliminary Approval Order, which shall include, among other provisions, a request that the Court:

a.    Appoint Plaintiff as Class Representative of the Settlement Class for settlement purposes only;

b.    Appoint Class Counsel to represent the Settlement Class;

c.    Preliminarily certify the Settlement Class under Fed. R. Civ. P. 23 for settlement purposes only;

d.    Preliminarily approve this Settlement Agreement for purposes of disseminating Notice to the Settlement Class;

e.    Approve the form and contents of the Notice and the method of its dissemination to members of the Settlement Class; and

f.    Schedule a Final Approval Hearing to review comments and/or objections regarding this Settlement Agreement, to consider its fairness, reasonableness and adequacy, to consider the applications for the Fee Award and the Individual Settlement Amount for Non-FMWA Claims, and to consider whether the Court shall issue a Final Approval Order approving this Settlement Agreement and dismissing the Action with prejudice.

6.2    **Final Approval**.   Within thirty (30) calendar days after the Claims Deadline, Class Counsel shall move the Court for entry of a Final Approval Order, which shall include, among other provisions, a request that the Court:

a.    find that it has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all attached Exhibits;

b.    approve the Settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; make a finding that the Agreement was entered into

in good faith, and direct the Parties and their counsel to implement and consummate the Settlement according to its terms and conditions;

       c.      find that the Notice implemented pursuant to the Settlement Agreement: (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (4) fulfills the requirements of Due Process and Fed. R. Civ. P. 23;

       d.      find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

       e.      dismiss the Action on the merits with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

       f.      incorporate the releases set forth in Section 3 above, make them effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

       g.      permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims;

       h.      authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement and its implementing documents (including all Exhibits to this Settlement Agreement) that (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settlement Class Members;

       i.      without affecting the finality of the Final Approval Order for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of this Settlement Agreement and the Final Approval Order, and for any other necessary purpose; and

       j.      incorporate any other provisions, consistent with the material terms of this Settlement Agreement, as the Court deems necessary and just.

6.3 **Cooperation**. The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court, subject to the terms of this Settlement Agreement.

## VII. TERMINATION OF THE SETTLEMENT AGREEMENT & DISPUTES CONCERNING SETTLEMENT CLASS

7.1 **Termination**. Subject to Section 9 below, the Class Representative, on behalf of the Settlement Class, the opt-in Plaintiff, or Defendants, shall have the right to terminate this Agreement by providing written notice of the election to do so to Class Counsel or Defendants' Counsel within twenty (20) calendar days of any of the following events: (i) the Court's refusal to enter the Preliminary Approval Order approving of this Agreement in any material respect; (ii) the Court's refusal to enter the Final Approval Order in this Action in any material respect; (iii) the date upon which the Final Approval Order is modified or reversed in any material respect by the appellate court or the Supreme Court; or (iv) the date upon which an Alternative Approval Order is entered, as defined in Paragraph 9.1 of this Agreement, is modified or reversed in any material respect by the appellate court or the Supreme Court. The Parties shall meet and confer in good faith either in person or remotely, over a period of no less than three (3) business days regarding potential alternative solutions before any party terminates this Settlement Agreement.

7.2 **Disputes Concerning Settlement Class**. Within five (5) calendar days of execution of the Settlement Agreement, Defendants shall provide Class Counsel with a list of the names of the individuals included in the Settlement Class. In the event that there are any disputes that arise concerning the number of servers in the Settlement Class or the individuals included in the Settlement Class that cannot be resolved by Class Counsel and Defendants' Counsel, the Parties shall request that the Court assign a separate U.S. Magistrate Judge to assist in resolving such disputes. In the event that, notwithstanding the assistance of a Magistrate Judge, the Parties are unable to resolve such disputes, if any, this Agreement may be terminated or amended in accordance with Section 9.2.

## VIII. CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND ADDITIONAL CONSIDERATION FOR CLASS REPRESENTATIVE

8.1 Simultaneous with Class Counsel's request for entry of a Final Approval Order,

DocuSign Envelope ID: 2384E74CD760FD40C5E-E1830592042

Class Counsel shall move the Court to approve the Fee Award, which shall be paid from the Settlement Fund. The amount of the Fee Award shall be determined by the Court based on petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendants, to limit their request for attorneys' fees to thirty-three and 1/3 percent (33.3333333%) of the Settlement Fund, plus litigation costs, in an amount not to exceed Thirty Thousand Dollars ($30,000.00). Defendants shall not oppose Class Counsel's motion for the Fee Award, subject to the limitations herein. Payment of the Fee shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this section shall revert to Defendants.

8.2     The Fee Award shall be payable within fourteen (14) calendar days after the Effective Date. Payment of the Fee Award shall be made by the Settlement Administrator from the Settlement Fund via check made payable to Jordan Richards PLLC after providing necessary relevant tax information. The payment shall be delivered via UPS or Federal Express to: Jordan Richards PLLC, Attn: Jordan Richards, Esq., 1800 SE 10th Ave. Suite 205 Fort Lauderdale, Florida 33316. The Fee Award shall be reported to all applicable taxing authorities by the Settlement Administrator on IRS Form 1099-MISC.

8.3     Simultaneous with Class Counsel's request for entry of a Final Approval Order, Class Counsel shall move the Court to approve the Individual Settlement Amounts for Non-FMWA Claims. Defendants shall not oppose Class Counsel's motion for the Individual Settlement Amounts for Non-FMWA Claims, subject to the limitations herein. The Parties agree that should the Court award less than the full amount sought, the difference in the amount sought and the amount ultimately awarded pursuant to this section shall revert to Defendants. The Individual Settlement Amounts for Non-FMWA Claims shall be payable solely from the Settlement Fund via a check made payable to Class Representative, Laughlin, and a check made payable to opt-in Plaintiff, Bennett, that are sent care of Class Counsel, within fourteen (14) calendar days after the Effective Date. The consideration for general release shall be reported to all applicable taxing authorities by the Settlement Administrator on IRS Form 1099-MISC.

## IX.     CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

DocuSign Envelope ID: B3A4F7LC0D7D-4DF0-A9B4-E163BE592042

9.1 The Effective Date shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs subject to the provisions in Section 1.11:

(a) This Agreement has been signed by the Parties, Class Counsel, and Defendants' Counsel;

(b) The Court has entered the Preliminary Approval Order approving the Agreement;

(c) The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, and has entered the Final Approval Order, or a judgment materially identical to the Final Approval Order, and such order or judgment has become final and unappealable; and

(d) In the event the Court enters an approval order and final judgment in a form other than that provided above ("Alternative Approval Order") to which the Parties have consented, that Alternative Approval Order has become final and unappealable.

9.2 If some of all of the conditions specified in Section 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Agreement shall be canceled and terminated, unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with this Settlement Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Settlement Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the Fee Award to Class Counsel set forth above or the Individual Settlement Amount for Non-FMWA Claims to the Class Representative, regardless of the amounts awarded, shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

9.3 If this Settlement Agreement is terminated or fails to become effective for the reasons set forth above, the Parties shall be restored to their respective positions in this Action as of the date of the signing of this Agreement. In such event, any Final Approval Order or other order entered by the Court in accordance with the terms of this Agreement, including, but not limited to, class certification, shall be treated as vacated, *nunc pro tunc,* and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Settlement Agreement had never

been entered into. In addition, in the event this Settlement Agreement is terminated or fails to become effective for the reasons set forth above, it shall not be used for any purpose, including without limitation, in connection with the Action or any other lawsuit, administrative, or other legal proceeding, claim, investigation, or complaint.

## X.    MISCELLANEOUS PROVISIONS

10.1    The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. Class Counsel and Defendants' Counsel agree to cooperate with one another in seeking entry of the Preliminary Approval Order and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

10.2    Each signatory to this Agreement represents and warrants (a) that he, she, or it has all requisite power and authority to execute, deliver and perform this Settlement Agreement and to consummate the transactions contemplated herein; (b) that the execution, delivery, and performance of this Settlement Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory; and (c) that this Settlement Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid and binding obligation.

10.3    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the other Settlement Class Members, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendants, or each or any of them, in bad faith or without a reasonable basis.

10.4    The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

DocuSign Envelope ID: 5384E7D-D760-4DF0-95A1-E16386592A12

10.5    Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant risks, inconveniences, expenses and contingencies. Accordingly, whether the Effective Date occurs or this Settlement is terminated, neither this Settlement Agreement nor the Settlement contained herein, nor any court order, communication, act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement:

a.    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the appropriateness of class certification, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the Settlement Fund, Settlement Payments, the Individual Settlement Amount for Non-FMWA Claims or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

b.    is, may be deemed, or shall be used, offered or received against Defendants as, an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

c.    is, may be deemed, or shall be used, offered or received against Plaintiff or the Settlement Class, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in this Action, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

d.    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Settlement Agreement. Moreover, if this Settlement Agreement is approved by the Court, any of the Released Parties may file this Settlement Agreement and/or the Final Approval Order in any action that may be brought against such parties;

DocuSign Envelope ID: E384E7A1-07D7-43DF-8FB4-E165B3592913

e.      is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given represents an amount equal to, less than or greater than the amount that could have or would have been recovered after trial; and

f.      is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with, or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.6    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.7    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Agreement.

10.8    All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are expressly and fully incorporated herein by reference.

10.9    This Settlement Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.10   Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

10.11   Plaintiff represents and warrants that she has not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other person or party and that he is fully entitled to release the same.

10.12   This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Settlement Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.13   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

10.14   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida without reference to the conflicts of laws provisions thereof.

10.15   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of good-faith, arm's-length negotiations among the Parties. Whereas all parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

10.16   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Jordan Richards, Esq., jordan@jordanrichardspllc.com, USA Employment Lawyers, 1800 SE 10th Ave. Suite 205, Fort Lauderdale, Florida, 33316; P. Campbell Ford, Esq., cford@fordmiller.com, Ford, Miller & Wainer, P.A., 1835 3rd Street North, Jacksonville Beach, Florida 32250.

[SIGNATURES BELOW]

**PATTI LAUGHLIN**

Dated: _____ 9/19/2022

By (signature): PATTI LAUGHLIN
Name (printed): _____
*Class Representative / Plaintiff*

**ZACHARY BENNETT**

Dated: _____ 9/19/2022

By (signature): _____
Name (printed): Zach Bennett
*Opt-in Plaintiff*

**JORDAN RICHARDS PLLC**

Dated: _____ 9/19/2022

By (signature): _____
Name (printed): Jordan Richards
*Class Counsel*

Dated: _____

**FRESH-MEX & CO. CORP.**
By (signature): _____
Name (printed): Michael Toussaint
*Defendant*


**MICHAEL TOUSSAINT**
By (signature): _____
Name (printed): Michael Toussaint
*Defendant*

Date: _____

**AMANDA TOUSSAINT**
By (signature): _____
Name (printed): Amanda Toussaint
*Defendant*

Date: _____

**FORD, MILLER & WAINER, P.A.**
By (signature): _____
Name (printed): alison blake
*Counsel for Defendants*

Date: _____

25

DocuSign Envelope ID: F984E7A1-03D76-4DF0-A9B4-E16780592043

# EXHIBIT A

DocuSign Envelope ID: 7334F7A1-3D764-DF61-CB4-E1638D592942

**Claim Form**

*Laughlin, et al. v. Fresh-Mex & Co. Corp., et al.,* Case No. 3:22-cv-704-MCR

**INSTRUCTIONS:** Fill out each section of this form and sign where indicated. Return this form by mail, email or online to:

Laughlin, et al. v. Fresh-Mex & Co. Corp., et al. Settlement Administrator
c/o Simpluris, Inc.
3194 Airport Loop Drive
Suite C
Costa Mesa, California 92626
*Tel:* _____ *E-mail:* _____
*Website: www.simpluris.com/freshmexsettlement*

**THIS CLAIM FORM MUST BE COMPLETED AND SUBMITTED BY: [CLAIMS DEADLINE]**

| First Name | Last Name |
|---|---|
| Street Address | City |
| State | Zip Code |
| E-mail Address | Contact Phone Number |

**Class Member Affirmation**: By submitting this Claim Form, I declare that I am a member of the Settlement Class and that the following information is true and correct:

I am an individual who worked as a tipped employee at Fresh Mex in Jacksonville, Florida between June 24, 2017 and [DATE OF PRELIMINARY APPROVAL].

Signature: _____     Date: _____
(MM-DD-YY)

Printed Name: _____

Former (Maiden) Names worked under, if any: _____

Note: If you change your address, please inform the above Settlement Administrator of your new address to ensure processing of your claim and mailing of your settlement check to the correct address. It is your responsibility to keep a current address on file with the Settlement Administrator.

DocuSign Envelope ID: F334E7L-91D7D4-DJ9-45B4-E1638D592043

# EXHIBIT B

DocuSign Envelope ID: 59347EA1-9C706-4DE0-99E1-E1688592842

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

### CASE NO. 3:22-cv-704-MCR

PATTI LAUGHLIN, on behalf of
herself and all others similarly situated,

       Plaintiffs,

v.

FRESH-MEX & CO. CORP. d/b/a
FRESH-MEX & CO. – TEX-MEX
CANTINA., et al.,

       Defendants.

_____/

## [PROPOSED] FINAL ORDER AND JUDGMENT

This matter coming to be heard on Plaintiff, PATTI LAUGHLIN'S Motion for Final Approval of Class Action Settlement (the "Motion") and Plaintiff's Motion and Memorandum of Law for Attorneys' Fees, Expenses, due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1.     Unless otherwise noted, all capitalized terms in this Final Approval Order and Judgment (the "Final Approval Order") shall have the same meaning as ascribed to them in the Stipulation of Class Action Settlement ("Settlement Agreement") between Plaintiff, PATTI LAUGHLIN ("Plaintiff"), for herself individually and on behalf of the Settlement Class, opt-in Plaintiff, ZACHARY BENNETT ("opt-in Plaintiff"), and Defendants, FRESH-MEX & CO. CORP. d/b/a FRESH-MEX & CO. – TEX-MEX CANTINA, MICHAEL TOUSSAINT, and

DocuSign Envelope ID: E3345F74-0D76-4DF0-A9B4-E1E3B6592B43

AMANDA TOUSSAINT (collectively "Defendants"). Plaintiff and Defendants are each referred to as a "Party" and are collectively referred to herein as the "Parties."

2.      This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over all parties to the Action, including all Settlement Class Members.

3.      The Court preliminarily approved the Settlement Agreement by Preliminarily Approval Order dated _____, 2022. At that time, the Court preliminarily certified a class of the following individuals:

> All tipped employees (except for bartenders) who worked at Fresh Mex in Jacksonville, Florida between June 24, 2017, and [Preliminary Approval].
>
> Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest; (3) persons who properly execute and file a timely request for exclusion from the Settlement Class; and (4) the legal representatives, successors or assigns of any such excluded persons.

Pursuant to Fed. R. Civ. P. 23, the Court finally certifies, for settlement purposes only, the Settlement Class.

4.      The Court has read and considered the papers filed in support of this Motion for entry of the Final Approval Order, including the Settlement Agreement and Exhibits thereto and supporting declarations.

5.      The Court held a Final Approval Hearing on _____, 2022, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

6.      Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, the Court now gives

DocuSign Envelope ID: E39457A1-0D76-4DF0-A954-E1635692042

final approval of the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, was entered into in good faith, and is in the best interests of the Settlement Class in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages in maintaining the class action through trial and appeal. The complex legal and factual posture of the Action, and the fact that the Settlement Agreement is the results of arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case, presided over by a neutral mediator, further support this finding.

7.    The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims against the Released Parties. The Court finds that the consideration to be paid to Settlement Class members is reasonable, considering the facts and circumstances of the claims and affirmative defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

8.    The persons who are listed on Exhibit 1 to this Order have made timely and valid requests for exclusion and are excluded from the Settlement Class and are not bound by this Final Approval Order.

9.    For settlement purposes only, the Court confirms the appointment of Plaintiff, PATTI LAUGHLIN, as Class Representative of the Settlement Class.

10.   For settlement purposes only, the Court confirms the appointment of the following counsel as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class:

Jordan Richards
Jordan Richards PLLC
d/b/a USA Employment Lawyers
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Tel: (954) 871-0050

DocuSign Envelope ID: F3B457A4-D076-4D70-95D4-E160B0592D43

jordan@jordanrichardspllc.com

11.     With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Class Representative and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class; and (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this Action.

12.     The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances; was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Class and to appear at the Final Approval Hearing; was reasonable, and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fully satisfied the requirements of Fed. R. Civ. P. 23, applicable law, and the Due Process Clauses of the U.S. Constitution and Florida Constitution.

13.     The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

14.     The Court dismisses the Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

15.     In this Order:

a.   "Released Claims" means any and all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees, and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the Florida Minimum Wage Act or other state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the payment or non-payment of Florida minimum wages, including all claims that were brought or could have been brought in the Action, belonging to any and all Releasing Parties fro the beginning of the world through the date the Court enters its Final Approval.

b.   "Released Parties" means Fresh-Mex & Co. Corp. d/b/a Fresh-Mex & Co. – Tex-Mex Cantina, Michael Toussaint, and Amanda Toussaint, and their past, present and future, direct and indirect heirs, assigns, associates, corporations, investors, -owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, agents, employees, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors and trustees.

c.   "Releasing Parties" means Plaintiff and any and all other Settlement Class Members and their respective past, present and future heirs, children, spouses, beneficiaries, conservators, executors, estates, administrators, assigns, agents, consultants, independent contractors, insurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities.

16.     Upon the Effective Date, the Releasing Parties shall be deemed to have released, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged any and all Released Claims against the Released Parties, or any of them.

17.     The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described released of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and/or this Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.     Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Released Parties.

19.     The Court approves payment of attorneys' fees, costs and expenses to Class Counsel in the amount of $_____ and reimbursable costs in the amount of $_____. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of

DocuSign Envelope ID: 7384E7A1-0D70-4DF0-09B1-E1632562042

final approval of the Settlement and their request for attorneys' fees, costs and expenses and in response to any timely filed objections thereto, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated in good faith at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to the amount sought.

20.     The Court approves the individual payment to Plaintiff, Laughlin, in the amount of $4,000.00 (Four Thousand Dollars) for consideration for the Non-FMWA claims alleged in this case and as consideration for a mutual general release, and specifically finds such amount to be reasonable under *Lynn's Food Stores, Inc. v. United States*. The Court likewise approves the individual payment to opt-in Plaintiff, Bennett, in the amount of $4,000.00 (Four Thousand Dollars) for consideration for the Non-FMWA claims alleged in this case and as consideration for a mutual general release, and specifically finds such amount to be reasonable under *Lynn's Food Stores, Inc. v. United States.* These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21.     Neither this Final Approval Order, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendants or any of the other Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims as set forth in the

DocuSign Envelope ID: B3B4E7A4-D7D9-4DF0-9FF1-E16B30592A42

Settlement Agreement. This Final Approval Order is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Defendants or any of the other Released Parties. The Final Approval Order approving the Settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendants.

22.     Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no reason exists for delay in entering this Final Approval Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order.

23.     The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Approval Order and do not limit the rights of the Settlement Class Members.

24.     Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose.

**IT IS SO ORDERED.**

ENTERED: _____          _____
                                         MONTE C. RICHARDSON
                                         UNITED STATES MAGISTRATE JUDGE

# EXHIBIT C

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Laughlin, et al. v. Fresh-Mex & Co. Corp., et al.*, Case No. 3:22-cv-704-MCR
(United States District Court for the Middle District of Florida)

*For more information, visit www.simpluris.com/freshmexsettlement*
*Para informacion en Espnaol, visitor www.simpluris.com/freshmexsettlement*

**PLEASE READ THIS NOTICE CAREFULLY. YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT IF YOU WORKED AS A TIPPED EMPLOYEE AT FRESH MEX IN JACKSONVILLE, FLORIDA BETWEEN JUNE 24, 2017 AND [PRELIMINARY APPROVAL].**

*A federal court authorized this notice of a proposed class action settlement. This is <u>not</u> a solicitation from a lawyer and is <u>not</u> notice of a lawsuit against you.*

**WHY DID I GET THIS NOTICE?**

- This notice is to inform you that a proposed settlement has been reached in a class action lawsuit between Fresh-Mex & Co. Corp. d/b/a Fresh-Mex & Co. – Tex-Mex Cantina, Michael Toussaint, and Amanda Toussaint ("Defendants") and certain individuals who worked as tipped employees at Fresh Mex between June 24, 2017, and [Preliminary Approval]. Patti Laughlin ("Ms. Laughlin"), a former tipped employee at Fresh Mex, initiated this lawsuit. Rather than continue to litigate these matters, the Parties have reached a settlement. Pursuant to the terms of the settlement, tipped employees (except for bartenders) who worked at Fresh Mex between June 24, 2017, and [Preliminary Approval], may receive payments depending on the amount of time they worked at Fresh Mex between those dates.

- The lawsuit alleges that Defendants violated the Florida Minimum Wage Act by failing to provide servers adequate notice of the tip credit, failing to compensate servers the applicable reduced wage, requiring servers to work certain hours off-the-clock, and allowing managers to take certain portions of a tip pool that servers were required to contribute to. The case is *Laughlin, et al. v. Fresh-Mex & Co. Corp., et al.,* Case No. 3:22-cv-704-MCR, currently pending in the United States District Court for the MIddle District of Florida (Jacksonville Division). The proposed settlement is not an admission of wrongdoing by Defendants, and Defendants deny that they violated the law. The Court has not decided who is right or wrong. Rather, to avoid the time, expense, and uncertainty of litigation, the Parties have agreed to settle the lawsuit. The settlement has been preliminarily approved by the United States District Court for the Middle District of Florida.

DocuSign Envelope ID: 2384E7L01D76ADF4C9E1-E1636592012

- You are a member of the class and eligible to participate in the settlement if you worked as a tipped employee (except for bartenders) at Fresh Mex in Jacksonville, Florida between June 24, 2017, and [PRELIMINARY APPROVAL].

- If the Court approves the settlement, members of the class who submit valid claims will receive a distribution from a settlement fund that Defendants have agreed to establish. Each individual who submits a valid claim will receive a portion of this fund, after all notice and administration costs, an individual payment to Ms. Laughlin, and Mr. Bennett, and attorneys' fees – if approved by the Court – have been paid. Payments are estimated to be $1.57 per hour for each hour you worked, depending on the duration of your actual employment.

### Summary of Your Rights and Choices:
*Your Legal Rights Are Affected Even If You Do Not Act.*
*Read This Notice Carefully.*

| You May: | Effect of Choosing the Option: | Due Date: |
|---|---|---|
| **Exclude Yourself** | You can elect to get out of the class and keep your right to sue Fresh Mex and all other Defendants on your own in regard to the claims in the lawsuit. To exclude yourself from participating in the Settlement, you must complete and return a request for exclusion pursuant to Section 11 below. | **Postmarked by**: [INSERT DATE] |
| **File Objection** | If you do not exclude yourself, you can remain a class member and still write to the Court about why you disagree with the settlement. | **Postmarked by**: [INSERT DATE] |
| **Appear at a Hearing** | If you do not exclude yourself, you can remain a class member and appear at the final hearing to advise the Court about why you disagree with the settlement. | The Notice of Appearance must be postmarked on or before [enter date here] to appear at the final hearing on [enter date here] at [enter time here] at the United States Federal Courthouse in Jacksonville, Florida. |
| **Do Nothing** | You will be bound by the terms of the settlement and give up your right to sue Fresh Mex and all other Defendants | |

| | on the claims in the lawsuit, but receive no money. | |
|---|---|---|
| **Claim Your Settlement** | If you wish to be included in the settlement, you may receive a payment if you submit a completed Claim Form as instructed below. | **Postmarked by**: [INSERT DATE] |

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION
1.  Why did I get this Notice?...................................................................................4
2.  What is a Class Action?. ....................................................................................4
3.  What is the Class Action about?........................................................................4
4.  Who are the Class Members?............................................................................. 5
5.  Why is the Class Action Being Settled?............................................................5

SETTLEMENT BENEFITS AND MY OPTIONS

6.  What are the Settlement Benefits?......................................................................5
7.  What are my options to receive Settlement Benefits?.......................................5

REMAINING IN THE CLASS

8.  What happens if I do nothing and stay in the Class?.........................................6
9.  If I remain in the Class, what am I giving up?.................................................. 6

EXCLUDING YOURSELF FROM THE CLASS

10. Why would I want to be excluded from the Class?............................................7
11. How do I exclude myself from the Class?.........................................................7
12. How do I object to the Settlement? .................................................................. 8

THE LAWYERS REPRESENTING THE CLASS

13. Do I have a lawyer representing my interests in this case? ............................. 9
14. How will the Lawyers be paid? ........................................................................ 9
15. How will the Class Representative be paid?.................................................. 10

THE COURT'S FINAL APPROVAL HEARING

16. When and where will the Court decide whether to approve the Settlement?....................10

17. Do I have to attend the hearing?.................................................................10

18. Can I have my lawyer appear at the Final Approval Hearing to tell the Court about
my opinions regarding the Settlement? ......................................................... 11

GETTING MORE INFORMATION

19. Where do I obtain more information? ........................................................... 11

## **BASIC INFORMATION**

### *1.* Why did I get this Notice?

The Court directed this Notice to be sent to you because you may have performed work as a tipped employee at Fresh Mex between June 24, 2017, and [Preliminary Approval], and therefore may be entitled to benefits pursuant to the terms of the settlement.

If you are a member of the Class, the proposed settlement will affect your legal rights. Therefore, it is important that you read this notice carefully. You have choices to make before the Court decides whether or not to finally approve the settlement.

### *2.* What is a Class Action?

In a class action lawsuit, one or more people called "Class Representative Plaintiffs" sue one or more defendants on behalf of other people who may have similar claims. All these people together are a "class" or are "class members." The court can determine whether it will allow a lawsuit to proceed as a class action. If it does, a trial then decides the lawsuit for everyone in the class or the parties may settle without a trial.

In a class action, one court resolves the common issues for everyone in the Class – except for those people who choose to exclude themselves from the Class.

### 3. What is this Class Action about?

Ms. Laughlin claims that Fresh Mex and its owners violated the Florida Minimum Wage Act by: failing to provide tipped employees adequate notice of the tip credit, failing to compensate tipped employees the applicable reduced wage, and allowing managers to receive portions of a tip pool or tip share that tipped employees were required to contribute to. Ms. Laughlin claims that Fresh Mex took a tip credit of $3.02 per hour for all hours of work performed by tipped employees, as well as required them to participate in a tip share with other employees. As a result, Ms. Laughlin claims that she and other tipped employees are entitled to payment of the tip credit taken by the employer, an additional amount as liquidated damages, and attorneys' fees and costs. You can read Ms. Laughlin's operative complaint filed in this case at www.pacer.gov.

The Court has preliminarily approved the certification of the class of tipped employees who worked at Fresh Mex at the Parties' request. The certification, however, does not apply to bartenders employed by the Defendants.

41

The Parties have reached a settlement in this case. The Court has not ruled on the merits of Plaintiff's claims or on Defendants' defenses. Rather, the Court has simply certified a settlement class and tentatively approved the proposed settlement.

### 4.    Who are the Class Members?

In order to determine if you are entitled to benefits from this settlement, you first must determine if you are a Class Member, defined as:

**All tipped employees (except for bartenders) who worked at Fresh Mex in Jacksonville, Florida from June 24, 2017, through [Preliminary Approval].**

If you fall within the definition of a Class Member, you may qualify for a payment pursuant to the criteria set forth in the settlement agreement. If you are not a Class Member as described above, you do not qualify for settlement benefits.

### 5.    Why is the Class Action being settled?

This matter is being settled because both sides have agreed to a settlement of this case in order to avoid the costs and risks of trial.

**SETTLEMENT BENEFITS AND MY OPTIONS**

### 6.  What are the Settlement Benefits?

The settlement, if approved, provides monetary benefits to the Class. After certain agreed upon and Court approved deductions, the settlement fund will be allocated to the Settlement Class based upon the number of hours Class Members worked as a tipped employee (except for bartenders) at Fresh Mex in Jacksonville, Florida between June 24, 2017, and [Preliminary Approval].

Each Class Member that submits their claim form will receive a specified share of the settlement after the Court enters a final approval of the settlement. Therefore, it is very important that you tell us your new address and other contact information if your address or other contact information changes at any time during the payment period.

### 7.  What are my options to receive Settlement Benefits?

If you wish to receive payment from the settlement fund, you must file the Claim Form that is included with this notice. Only one Claim Form is needed, and only one form will be accepted.

Each tipped employee (except for bartenders) electing to receive payments will be paid based on the amount of time he or she worked at Fresh Mex, as follows:

Each Settlement Class Member with an Approved Claim will receive One Dollar and Fifty-Seven Cents ($1.57) for each hour worked as a tipped employee at Fresh Mex between June 24, 2017, and the date of the Preliminary Approval Order. Notwithstanding the foregoing, the Settlement Payment to any one Settlement Class Member will be no less than $1.57.

DocuSign Envelope ID: F3847E7C-D0769-4DF0-95A-E16386592842

**YOU MUST SUBMIT A TIMELY CLAIM FORM TO RECEIVE A PAYMENT. If you elect to receive a payment, you will receive an IRS Form W-2 and Form 1099-MISC for the amount of the payment made to you if applicable in accordance with IRS regulations. You will be responsible for the payment of federal and state taxes due as a result of the payment. You should seek the advice of a tax professional if you have any questions about the tax implication of this settlement.**

Please read the Claim Form for more detailed instructions on how to submit a claim for a payment.

**Summary:** To summarize, if you wish to remain in the Class and receive a payments, then you **MUST** fill in the Claim Form and submit it to the Claims Administrator.

## REMAINING IN THE CLASS

### 8.    What happens if I do nothing and stay in the Class?

If you do nothing you will be included in the Class, and you will be bound by the terms and conditions of the settlement. However, you will not receive monetary compensation unless you elect to receive payment as described herein.

### 9.    If I remain in the Class, what am I giving up?

If the Court approves the settlement, you will have released Fresh Mex and Michael Toussaint and Amanda Toussaint from any further state and federal law claims related to the matters raised in this lawsuit, and you can't ever sue any of the Defendants about these issues based upon conduct that occurred prior to the effective date of the settlement. Notwithstanding the foregoing, if you do not elect to receive a payment, any wage claim under the Fair Labor Standards Act will be preserved subject to the applicable statute of limitations.

## EXCLUDING YOURSELF FROM THE CLASS

### 10. Why would I want to be excluded from the Class?

You do not have to take part in the settlement or be a member of the Class. You can exclude yourself from the settlement by "opting out." If you exclude yourself, you will not get the benefits of the settlement. Any Court orders will not apply to you. By excluding yourself, you keep any right to file or proceed with a lawsuit against Defendants based upon the facts alleged in the lawsuit.

If you have sued any of the Defendants and want to continue with your suit, you need to personally ask to be excluded from the Class. If you exclude yourself, you will not be legally bound by the Court's judgments in this case. Similarly, if you wish to start your own lawsuit against any of the Defendants, you must exclude yourself from the Class. Should you do so, you will have to hire and pay your own lawyer for that lawsuit and prove your claims. If you do exclude yourself so you can start or continue your own lawsuit, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

DocuSign Envelope ID: P3B4E7LU6ID7664DFG-C9E4-E16886592612

## 11.    How do I exclude myself from the Class?

If you are a member of the Class and wish to be excluded from the settlement, you must send a written request, signed by you personally, which includes all of the following:

- Your legal name, current address and telephone number;
- The name and number of the lawsuit: *Laughlin, et al. v. Fresh-Mex & Co. Corp., et al.*, Case No. 3:22-cv-704-MCR; and
- A statement, signed personally by you, clearly stating that you want to be excluded from the Class.

All exclusion requests must be mailed first class United States mail, **postmarked on or before __** _____ to:

Laughlin, et al. v. Fresh-Mex & Co. Corp., et al. Settlement Administrator
c/o Simpluris, Inc.
3194 Airport Loop Drive
Suite C
Cosa Mesa, California 92626
*Tel:* _____ *E-mail:* _____
*Website: www.simpluris.com/freshmexsettlement*

**Any request for exclusion must contain your personal signature, which shall be an indication to the Court that you wish to be excluded from the Class.** You cannot exclude yourself by phone. Further, if you do not follow these instructions properly or if you also submit a claims form, you will lose your right to exclude yourself. There are no exceptions.

**UNLESS YOU PROPERLY SIGN AND TIMELY MAIL A REQUEST FOR EXCLUSION, YOU WILL BE BOUND BY ANY JUDGMENT IN THIS CASE AND YOU WILL NOT BE PERMITTED TO PURSUE ANY PENDING OR FUTURE LITIGATION AGAINST DEFENDANTS BASED UPON THE FACTS ALLEGED IN THE LAWSUIT, EXCEPT FOR ANY CLAIMS UNDER THE FAIR LABOR STANDARDS ACT. SHOULD YOU WISH TO EXCLUDE YOURSELF FROM THIS SETTLEMENT, IT IS IMPORTANT THAT YOU FOLLOW THESE INSTRUCTIONS CAREFULLY.**

## 12.    How do I object to the Settlement?

If you don't like the settlement, you may file an objection to it. This means you can tell the Court that you disagree with the settlement or some of its terms. For example, you can say you don't think the settlement is fair or adequate, or that you object to the amount of attorneys' fees, costs, or expenses. The Court will consider your views but may approve the settlement anyway.

You can object only if you do not exclude yourself from the Class. If you exclude yourself, you cannot object.

DocuSign Envelope ID: 2334571-00706 4DF0 C934 E16880592842

To object, either you or a lawyer of your own choosing must prepare an objection that contains all of the following:

1. The name and title of the lawsuit: *Laughlin, et al. v. Fresh-Mex & Co. Corp., et al.*, Case No. 3:22-cv-703-MCR;
2. A written statement of objections clearly specifying the grounds or reason for each objection;
3. A statement of whether or not you or your lawyer will ask to appear at the Final Approval Hearing to talk about your objections, and, if so, how long you will need to present your objections; and
4. Copies of documents (if any) you or your lawyer will present at the Final Approval Hearing.

Your objection must be filed with the Court and served on Class Counsel and Counsel for the Defendants **no later than** [INSERT DATE HERE]. Any objection postmarked after that date will be rejected.

**To File an Objection with the Court, Mail Objection to:**

Clerk of the Court
United States District Court
Middle District of Florida, Jacksonville Division
300 North Hogan Street
Jacksonville, Florida 32202

**To Serve Class Counsel, Mail Objection to:**

Jordan Richards, Esq.
USA Employment Lawyers
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316

To Serve Defendants' Counsel, Mail Objection to:

P. Cambell Ford, Esq.
Ford, Miller & Wainer P.A.
1835 3rd Street North
Jacksonville Beach, Florida 32250

Objections postmarked after [INSERT DATE HERE], 2022, will be untimely and may not be considered by the Court.

**THE LAWYERS REPRESENTING THE CLASS**

| 13. Do I have a lawyer representing my interests in this case? |
| --- |

Yes. The Court has appointed a law firm to represent you and other Class Members. The lawyer is referred to as Class Counsel and his information is as follows:

Jordan Richards, Esq.
USA Employment Lawyers
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Tel: (954) 871-0050
Website: www.usaemploymentlawyers.com

You will not be charged directly by Class Counsel for their lawyers' services, but they will ask the Court to award them a fee from the Settlement. More information about Class Counsel and their experience is available at the website listed above.

If you so desire, you may hire your own attorney. However, you will be responsible for that attorney's fees and expenses.

| 14.    How will the Lawyers be paid? |
| --- |

The lawyers who represent the Class will ask the Court for reimbursement for their out of pocket expenses and an award of attorneys' fees based on their work in this litigation. The amount of attorneys' fees to be awarded will be determined solely by the Court. Under the terms of the settlement agreement and subject to Court approval, Class Counsel can petition the Court for 33 and 1/3% of the Class Fund plus litigation costs in a total amount not to exceed $30,000.00.

Attorney's fees and costs payable to Class Counsel have been factored into the value of the settlement. In particular, the $75,000.00 Defendants have agreed to pay to the Class members will be reduced by the amount of attorney's fees and costs awarded to Class Counsel.

The settlement agreement provides further details on attorney fees payable to Class Counsel, and a copy of the settlement agreement may be obtained either from Class Counsel or the Court.

| 15.    How Will the Class Representative be Paid? |
| --- |

To compensate the Class Representative, Ms. Laughlin, for her individual FLSA overtime claim and for her execution of a mutual general release, she will receive a separate payment in the amount of $4,000.00 which will be paid from the Settlement Fund. To compensate opt-in Plaintiff, Mr. Bennett, for his individual FLSA overtime claim and for his execution of a mutual general release, he will receive a separate payment in the amount of $4,000.00 which will be paid from the Settlement Fund. If approved, the Defendants shall pay these amounts to Ms. Laughlin and Mr. Bennett as part of the settlement.

DocuSign Envelope ID: 2334E7L0D76 4DF0 C9E4-E1638D592B43

## THE COURT'S FINAL APPROVAL HEARING

### 16. When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval hearing on [INSERT DATE HERE]. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are written objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether or not to approve the settlement.

The Hearing will be held before the Honorable Monte C. Richardson at:

United States District Court
Middle District of Florida
TBD.

### 17. Do I have to attend the Hearing?

No. Class Counsel will answer questions the Court may have, but you may appear at your own expense. If you send a written objection, the Court will consider it. You may also pay your own lawyer to attend the hearing if you desire.

### 18. Can my lawyer appear at the Final Approval Hearing to tell the Court about my opinions regarding the Settlement?

Yes. As long as you don't exclude yourself, you have the right to appear through counsel at the Final Approval Hearing, so long as your attorney's Notice of Appearance and any written objections you may have are postmarked or received by the Court, Defendants, and Class Counsel by [INSERT DATE HERE]. If you do this, however, the cost of having your lawyer appear will be at your own expense.

## GETTING MORE INFORMATION

### 19. Where do I obtain more information?

If you want additional information, you may call or write Class Counsel at the address and phone number listed above.

In addition, the Settlement Administrator has created a specific website containing relevant documents including the operative class action complaint and complete settlement agreement.: www.simpluris.com/tipsysettlement.

DocuSign Envelope ID: ...

The specific terms of the settlement are outlined in the legal documents that have been filed with the Court. You can look at and copy these documents at any time during regular office hours at the Office of the Clerk of Court for the United States District Court for the Middle District of Florida, 300 North Hogan Street, Jacksonville, Florida 32202. If you have a PACER account, you may view the documents on the Court's CM/ECF website.

Please do not call the court or Fresh Mex for assistance. Any question or requests for further information about this notice or lawsuit should be directed to any of the plaintiffs' attorneys whose information is displayed below:

Jordan Richards, Esq.
USA Employment Lawyers
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Tel: (954) 871-0050
Website: www.usaemploymentlawyers.com

DocuSign Envelope ID: B334E7A9-D076-4DF0-A3B1-E1C38D592043

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

### CASE NO. 3:22-cv-703-MCR

PATTI LAUGHLIN, on behalf of
herself and all others similarly situated,

       Plaintiffs,

v.

FRESH-MEX & CO. CORP., et al..,

       Defendants.

_____/

### [PROPOSED] PRELIMINARY APPROVAL ORDER

      This matter coming to be heard on Plaintiff's *Agreed* Motion for Preliminary Approval of

Class Settlement, Certification of the Settlement Class, Appointment of Plaintiff's Counsel as

Class Counsel, and Approval of the Proposed Notice of Settlement and Class Action Settlement

Procedure and Memorandum of Law in Support (the "Motion") the Court having reviewed in detail

and considered the Motion and memorandum in support of the Motion, the Stipulation of Class

Action Settlement ("Settlement Agreement") between Plaintiff, PATTI LAUGHLIN, for herself

individually and on behalf of the Settlement Class, opt-in Plaintiff, ZACHARY BENNETT, and

Defendants FRESH-MEX & CO. CORP. d/b/a Fresh-Mex & Co. – Tex-Mex Cantina, MICHAEL

TOUSSAINT, and AMANDA TOUSSAINT ("Defendants") (together "the Parties"), and all other

papers that have been filed with the Court related to the Settlement Agreement, including all

exhibits and attachments to the Motion and the Settlement Agreement, and the Court being fully

advised in the premises,

      IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1.    Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

2.    The terms of the Settlement Agreement are preliminarily approved as fair, reasonable, and adequate. There is good cause to find that the Settlement Agreement was negotiated at arms-length and in good faith between the Parties, who were represented by experienced class action counsel familiar with the legal and factual issues of this case.

3.    Based on this preliminary evaluation, the Court finds that the Settlement Agreement meets all applicable requirements of Fed. R. Civ. P. 23 for settlement purposes only, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate, that the proposed Class Representatives fairly and adequately protect the interests of the Settlement Class, and that class treatment is an appropriate method for the fair and efficient adjudication of the Action.

4.    The Court hereby preliminarily certifies, pursuant to Fed. R. Civ. P. 23, and for the purposes of settlement only, the following Settlement Class consisting of:

> All tipped employees (except for bartenders) who worked at Fresh Mex in Jacksonville, Florida between June 23, 2017, and [Preliminary Approval].
>
> Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) the Defendant, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the defendant or its parents have a controlling interest; (3) persons who properly execute and file a timely request for exclusion from the Settlement Class; and (4) the legal representatives, successors or assigns of any such excluded persons.

5.    For settlement purposes only, Plaintiff, PATTI LAUGHLIN, is appointed as Class Representative.

6.      For settlement purposes only, the following counsel are hereby appointed as Class

Counsel:

Jordan Richards

Jordan Richards PLLC d/b/a USA Employment Lawyers

1800 SE 10th Ave. Suite 205

Fort Lauderdale, Florida 33316

Tel: (954) 871-0050

jordan@jordanrichardspllc.com

7.      The Court recognizes that, pursuant to the Settlement Agreement, Defendants retain

all rights to object to the propriety of class certification in the Action in all other contexts and for

all other purposes should the Settlement not be finally approved. Therefore, as more fully set forth

below, if the Settlement is not finally approved, and the Action resumes, this Court's preliminary

findings regarding the propriety of class certification shall be of no further force or effect

whatsoever, and this Order will be vacated in its entirety.

8.      The Court approves the proposed plan for giving Notice to the Settlement Class as

fully described in the Settlement Agreement. The plan for giving Notice, in form, method, and

content, fully complies with the requirements of Fed. R. Civ. P. 23 and due process and is due and

sufficient notice to all persons in the Settlement Class. In addition, the Court finds that no notice

other than that specifically identified in the Settlement Agreement is necessary in this Action.

9.      Simpluris, Inc. is hereby appointed Settlement Administrator to supervise and

administer the notice process, as well as to oversee the administration of the Settlement, as fully

set forth in the Settlement Agreement. The Settlement Administrator may proceed with the

distribution of the Notice as set forth in the Settlement Agreement. The Court hereby directs the

Parties and Settlement Administrator to complete all aspects of the Notice plan within 30 days, or

by _____, 2022.

10. Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a valid Claim Form in accordance with the instructions provided in the Notice on or before _____, 2022. The Court hereby approves as to form and content the Claim Form attached to the Settlement Agreement as Exhibit A.

11. All Claim Forms must be either mailed via U.S. Mail to the address specified in the Claim Form or be electronically submitted to the Settlement Administrator via the Settlement Website or via e-mail no later than ____, 2022. Settlement Class Members who do not timely submit a Claim Form deemed to be valid in accordance with Paragraph 1.4 of the Settlement Agreement shall not be entitled to receive any portion of the Settlement Fund.

12. All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing no later than __, 2022. To be valid, any request for exclusion must: (a) be in writing; (b) identify the case name *Laughlin, et al. v. Fresh-Mex & Co. Corp., et al.,* Case No. 3:22-cv-703-MCR, United States District Court for the Middle District of Florida, ; (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. In light of the COVID-19 pandemic, the Settlement Administrator shall create a dedicated e-mail address to receive exclusion requests electronically. Each request for exclusion must contain a statement to the effect that "I request to be excluded from the proposed Settlement Class in *Laughlin, et al. v. Fresh-Mex & Co. Corp., et al.,* Case No. 3:22-cv-703-MCR." A request for exclusion that does not include all of the foregoing information, that is sent to an address or e-mail address other than that designated in the Notice, or that is not postmarked or electronically delivered to the Settlement Administrator within the time specified,

shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by the Settlement Agreement, if approved.

13.     Any person who elects to request exclusion from the Settlement Class shall not: (a) be bound by any orders of the Final Approval Order entered in this Action; (b) receive a Settlement Payment under this Settlement Agreement; (c) gain any rights by virtue of this Settlement Agreement; or (d) be entitled to object to any aspect of this Settlement Agreement or the Final Approval Order. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

14.     Any Settlement Class Member (who has not excluded themselves) may comment in support of, or in opposition to, the Settlement Agreement at his or her own expense; provided, however, that all comments and objections must be: (1) filed with the Court; and (2) e-mailed to Class Counsel and Defendants' Counsel no later than _____, 2022. Any person in the Settlement Class who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector and must include: (a) the Settlement Class Member's full name and current address; (b) a statement why he or she believes himself or herself to be a member of the Settlement Class; (c) the specific grounds for the objection; (d) all documents or writings that the Settlement Class member desire the Court to consider; (e) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (f) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission).

15.    Addresses for Class Counsel, Defendants' Counsel, the Settlement Administrator, and the Clerk of Court are as follows:

| **Class Counsel:** | **Defendants' Counsel:** |
|---|---|
| Jordan Richards | P. Campbell Ford |
| Jordan Richards PLLC | Ford, Miller & Wainer, P.A. |
| d/b/a USA Employment Lawyers | 1835 3rd Street North |
| 1800 SE 10th Ave. Suite 205 | Jacksonville Beach, Florida 32250 |
| Fort Lauderdale, Florida 33316 | cford@fordmiller.com |
| jordan@jordanrichardspllc.com | |

| **Settlement Administrator:** | **Clerk of Court:** |
|---|---|
| Simpluris, Inc. | United States District Court – Clerk of Court |
| 3194 Airport Loop Drive | 300 North Hogan Street |
| Suite C | Jacksonville, Florida 32202 |
| Costa Mesa, California 92626 | |

16.    A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Class Counsel's requested Fee Award are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel. For any Settlement Class Member who files a timely written objection and who indicates his/her intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

17.    Any Settlement Class Member who fails to timely file a written objection with the Court and notice his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order and as detailed in the Notice, and at the same time provide copies to designed counsel for the Parties, shall not be permitted to object to the Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement Agreement or Final Approval Order by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

18.    Class Counsel must file any motion seeking an award of attorneys' fees, costs and expenses, in accordance with the terms of the Settlement Agreement, no later than _____ _____, 2022.

19.    All papers in support of final approval of the Settlement shall be filed no later than ten (10) days before the Final Approval Hearing.

20.    A hearing (the "Final Approval Hearing") shall be held before the Court on _____ _____, 2022, at _____ in Courtroom _____ (or   at such other time or location as the court may without further notice direct) for the following purposes:

(a)    To finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23 have been met;

(b)    To determine whether the Settlement is fair, reasonable, adequate, and made in good faith, and should be approved by the Court;

(c)    To determine whether the Final Approval Order as provided under the Settlement Agreement should be entered, including an order prohibiting Settlement Class Members from further pursuing Released Claims as set forth in the Settlement Agreement;

(d)    To consider the application for a Fee Award to Class Counsel;

(e)    To consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

(f)    To rule upon such other matters as the Court may deem appropriate.

21.    The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

22.    Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

23.    The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement or this Order, are not and shall not in any event be described or construed as, and/or used, offered or received against the Released Parties as evidence of and/or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of any fact alleged by Plaintiff; the validity of any Released Claim; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of any of the Released Parties. Defendants have denied and continue to deny the claims asserted by Plaintiffs. Notwithstanding,

DocuSign Envelope ID: 2334E7L0D70A4DF0A9E4-E1C38D592842

nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

24.     The Court hereby authorizes the Parties, without further approval of the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) that shall be consistent in all material respects with the terms of the Final Approval Order and do not limit or impair the rights of the Settlement Class.

25.     For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

**Notice to be completed by:** _____, **2022**
**Fee Award Application by:** _____, **2022**
**Objection/Exclusion  Deadline:** _____, **2022**
**Final Approval Submission:** _____, **2022**
**Final Approval Hearing:** _____, **2022 at** _____
**Claims Deadline:** _____, **2022**


**IT IS SO ORDERED.**


ENTERED: _____          _____
                                   MONTE C. RICHARDSON
                                   UNITED STATES MAGISTRATE JUDGE

# Stipulated_Class_Action_Settlement_Agreement

.

Final Audit Report                                                              2022-09-20

| | |
|---|---|
| Created: | 2022-09-20 |
| By: | Annamarie Burnett (aburnett@fordmiller.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAACBnsmOCqC-DUS0b1dTfUUiqyXRRQPDe4 |



## "Stipulated_Class_Action_Settlement_Agreement." History


Document created by Annamarie Burnett (aburnett@fordmiller.com)

2022-09-20 - 1:53:09 PM GMT- IP address: 75.148.76.9


Document emailed to alison blake (ablake@fordmiller.com) for signature

2022-09-20 - 1:53:54 PM GMT

Email viewed by alison blake (ablake@fordmiller.com)

2022-09-20 - 2:06:01 PM GMT- IP address: 104.28.77.178

Document e-signed by alison blake (ablake@fordmiller.com)

Signature Date: 2022-09-20 - 2:06:52 PM GMT - Time Source: server- IP address: 174.212.35.224

Agreement completed.

2022-09-20 - 2:06:52 PM GMT

Adobe Acrobat Sign